CARROLL, Bail of BRADFORD, *vs.* BARBER.—June, 1826.

A rule of an inferior court authorising a principal to be surrendered in discharge of his bail upon a *scire facias* being returned *scire feci,* at any time during the first five days of the term to which the return is made, is a legitimate rule, and is, in giving time to surrender the principal, a mere matter of favour or indulgence to the bail.

Where the offer to surrender is, in such a case, on the sixth day after the return, it is too late, and the refusal of the court to extend the time to that period, is not a ground of error; and is but an interlocutory proceeding, upon which an appeal will not lie.

Courts will sometimes enlarge or suspend their rules when the ends of justice requre it.

APPEAL from *Anne-Arundel* County Court. This was a writ of *scire facias* upon a recognizance of bail, issued on the 10th of December 1824, reciting that at April term 1823, the appellant became special bail for one *Bradford,* in an action on the case, then depending against him, brought by the appellee, and that in the said action a judgment was rendered at April term 1824. At the return day of the writ of *scire facias,* viz. on the third Monday of April, being the 18th day of that month, in the year 1825, the sheriff of the county made return of the writ, that he had made the same known to the special bail. And on Saturday the *sixth* day of the term, and the 23d of the same month, the special bail brought into the said court the said *Bradford,* who offered to surrender himself in discharge of his bail; and the bail prayed the court to extend the rule of the court for that purpose, to the said day, that *Bradford* might be permitted to surrender himself

in discharge of his said bail. This rule was set out in the record as adopted at April term 1806, and is in these words: "The principal may be surrendered in discharge of his bail upon a *scire facias* returned *scire feci*, at any time during the first *five* days of the term, to which the *scire facias* is returned, on payment of the costs of the *scire facias*, but not afterwards; and upon a *Nihil* returned upon two successive *scire facias'* the principal may be surrendered in discharge of his bail at any time during the sitting of the court, upon payment of the costs of the *scire facias*, but not to extend to any adjourned court." The plaintiff objected to the extension of the rule; and the court refused to extend it as prayed by the bail. From this refusal the bail appealed to this court.

The case was argued before BUCHANAN, Ch. J. and EARLE, and ARCHER, J.

*Brewer*, Jr. for the Appellant, contended that the court below was bound to dispense with the rule of the court, and permit the surrender of the principal in discharge of his bail, as a practice to extend in such cases tending more to the advancement of justice, than did a rigid adherence to the rule.

*S. Pinkney*, for the Appellee, cited *Hunt vs Coxe, 3 Burr,* 1350. S. C. 1 *W. Blk.* 393. *Clarke vs. Bradshaw,* 1 *East,* 86. *Simmonds vs. Middleton,* 1 *Wils.* 270. *Alyson vs. Byston, Cro. Eliz.* 738. *Wynn vs. Petty,* 4 *East,* 102. *Grant vs. Fagan, Ib.* 189. *Cock vs. Bell,* 13 *East,* 355. *Glendinning vs. Robinson,* 1 *Taunt.* 320; and *Maude vs. Jowett, 3 East,* 145.

*Shaw*, on the same side. There is nothing before this court for them to decide. They are called upon to say that the bail shall not be fixed, although he has failed to bring in the principal, and has shown no valid reason why he did not. The rule, as set out in the record, was the law of the court, and could not be relaxed except upon special circumstances. Here there was no circumstance shown to induce the court to grant the prayer of the bail to extend the time of the rule.

*Brewer*, jr. in reply. The rules of the court are supposed to be founded in justice, and may be relaxed to a certain ex-

tent, at least without cause being shown. Here, the day after that fixed by the rule, the principal is brought into court, and offers to surrender himself in discharge of his bail. By relaxing the rule no injustice would have been done to the plaintiff. He had then the body of the defendant, which he could not get under the *ca. sa.* which had been issued for that purpose.

BUCHANAN, Ch. J. delivered the opinion of the Court. It appears by a rule of the *Anne-Arundel* county court, that a principal may be surrendered in discharge of his bail, upon a *scire facias* being returned *scire feci*, at any time during the first five days of the term, to which the *scire facias* is returned, on payment of the costs of the *scire facias*, but not afterwards.

In this case the offer to surrender the principal by the bail, was on the sixth day of the term, and the appeal to this court is on the ground, that the court below refused to extend the rule, for the purpose of enabling the bail to surrender his principal, after the expiration of the first five days of the term.

The rule of that court is a perfectly legitimate rule, and the giving time to the bail, during the first five days of the term, to bring in and surrender the principal, is a mere matter of favour or indulgence.

Courts will sometimes enlarge or suspend their rules when the ends of justice require it to be done. But there is nothing of that kind here. It appears to be the common case of a special bail neglecting to avail himself of the time allowed him to surrender his principal; and there is nothing to find fault with, in the refusal of the court to receive the surrender after the expiration of the time.

Rules of court are necessary to the due administration of justice; but the rule in question would be perfectly useless, if in such a case as this it is not to be enforced.

This is, moreover, an interlocutory proceeding on which an appeal will not lie.

APPEAL DISMISSED.