N. M. JONES, *et ux. vs.* JAMES F. SOTHORON.—*Dec.* 1838.

A limitation over of personal property, after a dying under age and without issue, or before marriage and without issue, is good, the contingencies not being too remote.

It seems that after an administrator or executor has divided the property of the deceased among the parties supposed to be entitled, and delivered the same over to them, and subsequently discovers an error in the division, the orphans court upon his application, would have no jurisdiction to compel a re-delivery of the property for the purpose of making a new distribution.

APPEAL from the the *Orphans* court of *St. Mary's* county.

ON the 8th May, 1838, the appellants filed their petition in said Orphans court, alleging that in the latter part of the year 1826, *John Sothoron*, the former husband of the female petitioner *Mrs. Elizabeth A. Jones*, departed this life, having previously devised in his last will, amongst other matters, as follows :

" And further, my will and desire is that if either my sons, including the child of which my wife is now pregnant, should it be a son, shall die under age and without issue, then and in that event, the surviving brothers or brother, shall be equally entitled to the estate and property of such deceased brother or brothers, to him or them or his or their heirs for ever. And if my daughter *Mary E. Attaway Sothoron*, and the child of which my wife is now pregnant, should it be a daughter, and they or either of them should die before marriage and without issue, then and in that case my surviving child or children shall be equally entitled to the property of the deceased."

And that the testator left three children, to wit: John, Zachariah and Mary : that the child of which his wife was pregnant proved to be a son, and was called James ; that the executors of the deceased paid over to the guardian of his several children, their several portions of his personal estate, and especially had divided and paid over to the said guardian the negroes of the deceased as devised by his will : that a large portion of said negroes were paid over to your petitioner *Elizabeth A. Jones*, as guardian of her daughter *Mary :* that Mary is since dead—a minor and without issue : that the petitioners are her administrators : that on the 5th December, 1835, the petitioners as administrators of *Mary*, made application to the Orphans court aforesaid for a division of her negroes : that the same on the 20th September, 1836, were divided into three parts—a part for each of the brothers of the deceased, paid over to their guardian, and that not only the negroes paid over to the said *Mary* under the will of her

father were divided, but also their increase since that period were paid over to said guardian: and the said petition further alleged, that the petitioners have since been advised, and so allege that the said division and payment over was erroneous and against their rights, and of which they were then ignorant, and they allege they are entitled to one-fourth of the said *Mary's* estate, theretofore erroneously divided into *three* parts. Prayer for a summons for the guardian of John's infant children for a re-delivery of the negroes wrongfully paid away, and a distribution according to the right of the matter, and a distribution of their increase and for general relief.

*James F. Sothoron* the guardian appeared, and insisted in his answer, that the distribution was correct as made, and ought not to be disturbed.

The Orphans court (*C. Coombs, B. Gough* and *M. C. Jones, Justices,*) decreed, that the petitioner *Mrs. Jones* was not entitled to any part of the original negroes paid over to *Mary* by the executors of her father; but that she is entitled to one-fourth of the increase from the time of their being paid over to the said *Mary* to the time of her death, and that there shall be such a division of the said increase so as to allow the said *Elizabeth* one-fourth thereof, and also appointed appraisers to make such division. Complainants to pay the costs of the cause.

From which decree *Norris M. Jones* and wife appealed to this court.

The cause was argued before STEPHEN, ARCHER, DORSEY and CHAMBERS, Judges.

By A. RANDALL, for the appellant, who contended:

1st. That the limitation over of the negroes bequeathed to the daughter on her death before marriage and without issue, is void, that therefore the daughter had an absolute estate in these negroes, and dying without issue and intestate, the appellant *Elizabeth*, her mother, is entitled to one-fourth thereof.

2d. That if this limitation over be not void, yet according to the true construction of this clause of the will, it was not intended in any event to affect the contingent claim of the appellant to a share of her deceased daughter's estate.

3d. That if this clause was intended in any event to affect the claim of the mother, yet the condition upon which it was to take effect, viz: that the child with which the appellant *Elizabeth* was pregnant should be a daughter, never happening, it can have no effect.

4th. That as the Orphans court did on the petition of the appellants correct their former erroneous decree in part, the appellants should not have been decreed to pay the costs of suit.

J. Johnson, for the appellee, contended:

1st. That the limitation over to the surviving child or children of the testator, upon the contingency of the daughter's dying " before marriage and without issue," is good, as an executory bequest, and consequently the surviving children were entitled to the negroes bequeathed the deceased daughter.

2d. That in any event the Orphans court had no power to order a new division of the property, after the division which had been ordered upon the application of the petitioners as the administrators of Mary E. A. Sothoron.

Stephen, Judge, delivered the opinion of the court.

The question which this appeal presents for decision arises upon the true construction and legal operation of the clause in the will of John Sothoron, the former husband of the female appellant, Mrs. Elizabeth A. Jones, contained in the statement of the cause.

The testator left two sons and a daughter, *Mary Elizabeth Attaway*: and his widow after his death, gave birth to a son. *Mary Elizabeth Attaway* afterwards died, unmarried and without issue; and the question to be decided is, who were her legal representatives and entitled to the property bequeathed to her by her father's will, upon the happening of that contingency?

We think that the language of the will is too plain and explicit to admit of a reasonable doubt upon the subject. It was manifestly his intention to give to all his children, not an absolute interest in the property bequeathed to them, but an interest defeasible upon the happening of certain contingencies. In the case of his sons, the surviving brothers were to take if either of the sons died under age and without issue : and in the case of his daughters, upon the birth of a posthumous daughter, his surviving children were to take, in the event of their or either of them dying before marriage and without issue. We cannot accede to the proposition, that upon the birth of a posthumous son, the legacy bequeathed to *Elizabeth Attaway*, became absolute, and the contingent limitation over to the surviving children was thereby defeated, which would have been available upon the happening of the contingency provided for by the will had that been a daughter. On the contrary, we think that the true interpretation of the will clearly forbids such a conclusion. It is clear beyond controversy, that the testator intended his surviving son or sons to take the estate given to their brothers on the death of them or either of them under age and without issue, to the exclusion of his daughters; and his surviving children indiscriminately to take the share of his daughters, should he have more than one, upon the death of them or either of them unmarried and without issue. Such being the plain and evident intention of the testator, as collected from the language of the will, it is the bounden duty of this court, in the absence of all legal prohibition to the contrary, to carry it into full and complete effect, it being a rule that wills are to be favourably and benignly expounded, to pursue if possible the intention of the testator, which, when clearly expressed, cannot be varied or controverted by inference or argument from other parts of the will, or by the inconvenient or unmeritorious nature of the bequest. On the contrary, the court is bound to correct every inaccuracy and impropriety of terms in advancement of the *manifest* intention of the testator, however undeserving it may be of favour in a court of

justice. *Williams on Ex'rs,* 715. It is understood that no objection is made to the validity of the executory bequests on account of the remoteness of the contingencies, upon the happening of which, the limitations over are to take effect, and we think that the objection was properly abandoned, as it was wholly untenable.

It is unnecessary to decide the question of jurisdiction adverted to in the argument, as the decree of the Orphans court appealed from was clearly correct upon the merits, and ought, we think, to be affirmed; but without meaning to decide the question of jurisdiction, as it is not necessary to the final disposition of this appeal, we deem it not improper to say, we are inclined to think that the Orphans court, under the circumstances of the case, had no jurisdiction to compel a re-delivery of the property for the purpose of making a new or different distribution of it: and that the decision of such a question, and the power to grant such an application, properly belonged to a different forum.

DECREE AFFIRMED WITH COSTS.