E. BEATTY GRAFF, Executor of JOHN R. BARNUM, AND CECILIA R. BARNUM *vs.* DAVID BARNUM, and others.

## *When an Appeal will not lie.*

Where a decree is reversed by the Court of Appeals, and the cause remanded to the Circuit Court, that a new decree may be passed in accordance with the directions of the Court of Appeals accompanying its decree, and the Circuit Court proceeds to pass a decree in strict conformity with such directions, its decree has the force and effect of a judgment of the Court of Appeals, and an appeal therefrom cannot be entertained.

APPEAL from the Circuit Court of Baltimore City.

This was an appeal from a decree of the Circuit Court, dated the 26th of May, 1870, directing a sale of the City Hotel buildings and grounds in the city of Baltimore, passed in conformity with the decree of the Court of Appeals, dated the 8th of December, 1869, and the opinion accompanying the same, (see 31 *Md.*, 425.)  By the decree of the Circuit Court it was declared that all questions in relation to the claim of John R. Barnum, (whose representatives, since his death, had been made parties in his stead,) to a share and interest in the proceeds of sale, or to rents and profits, were not to be prejudiced by the decree, and all questions as to his alleged claim to any such share and interest were reserved for further adjudication.  The facts of the case are sufficiently stated in the opinion of this Court.

A motion was made to dismiss the appeal.

The cause was argued before BARTOL, C. J., MAULSBY, MILLER and ALVEY, J.

*E. Beatty Graff,* for the appellants.

This appeal is well taken and ought not to be dismissed, because it is from a *"final decree;"* when it was passed, the

case was "in a proper condition for a final decree," and admitted to be so by the Circuit Court; because, "as the case now stands," the Circuit Court has denied and indirectly decided and adjudicated adversely to the rights and claims of the appellants, by decreeing a sale of their *interest in the property*, and a distribution of the proceeds of sale; because, it has authorized the auditor to allow rents and profits to the complainants only, whilst the appellants are also entitled to rents. The appeal should be allowed because the Circuit Court has not passed a "final decree" or any decree, *in pursuance of all* of the mandates of this Court; because the Circuit Court, of its own accord and against the wishes of the appellants, alleges it has "*reserved*," their rights, although they were fully made out and submitted. Because, being a new and "*final decree*," the Circuit Court should have *directly decided, one way or the other, all judicial questions, as* to the rights of *all parties* who submitted their rights *for final decision* or adjudication; because the Circuit Court refused *directly* to decide the appellants' rights one way or the other; because *the auditor*, by said "final decree," is authorized to decide upon or adjudicate the appellants' rights and claims upon testimony to be taken before him, so as to ascertain whether or not the appellants are entitled to any interest in the property before he can state any correct or just account, as to the division of the proceeds of sale, the value of improvements, &c.; because *this appeal is to "the merits of the subject-matter."*

"The regularity or propriety of an appeal can only be disposed of upon motion to dismiss, but such a motion will not be entertained when it raises an inquiry as to *the merits of the subject-matter* to be considered under an appeal which has been regularly taken." *Ringgold vs. Emory*, 1 *Md.,* 350; *Brown vs. Sommerville*, 8 *Md.,* 444; *Thompson vs. McKim,* 6 *H. & J.,* 302, 328; *Buchanan vs. Deshon*, 1 *H. & J.,* 280; *Lester vs. Howard*, 24 *Md.,* 236; *Emory & Gault vs. Owings*, 3 *Md.,* 178; *Ex parte Coston*, 23 *Md.,* 272; *Lucas vs. McBlair*, 12 *G. & J.,* 1; *Jones vs. Belt*, 2 *Gill,* 106; *Dennis vs. Dennis,*

15 *Md.*, 76; *Mitchell vs. Mitchell*, 6 *Md.*, 234; *Mong vs. Bell*, 7 *Gill*, 246; *McLaughlin vs. Barnum*, 31 *Md.*, 447.

*T. A. Linthicum, Geo. H. Williams, I. Nevett Steele* and *William Schley*, for the appellees.

The present appeal should be dismissed:

First. Because the appellants are not aggrieved.

Secondly. Because there can be no appeal to this Court to review a decree passed in strict conformity to its own directions.

Thirdly. Because no question of *right* has been decided in relation to John R. Barnum's alleged title to a share of the estate. It is carefully reserved for future adjudication.

BARTOL, C. J., delivered the opinion of the Court.

By the decree of this Court on the former appeal in this cause, passed on the 8th day of December, 1869, the decree of the Circuit Court of the 14th of June, 1869, was reversed, and the cause was remanded, "*in order that a new decree might be passed, modifying the decree then appealed from, as and in the manner directed in the opinion of this Court filed with and accompanying the decree of the 8th of December,* and that further proceedings might be had under such new decree, in accordance therewith and according to the usual practice and course of the Court."

After the cause had thus been remanded, it became necessary in consequence of the death of John R. Barnum, one of the defendants, to revive the suit against his representatives; and proceedings were had whereby his executor, and his widow and children, the devisees named in his will, were made parties defendants.

No other proceedings were had, except that a petition was filed in the Circuit Court by the present appellants, which was dismissed; that petition will be noticed hereafter.

The Circuit Court in obedience to the mandate of the Court of Appeals, proceeded to pass the decree from which this ap-

peal has been taken. The case before the Circuit Court, when this decree was passed, was in all respects the same case that was before this Court on the former appeal, when the cause was remanded *for the purpose of having a decree passed therein according* to the decision and direction of this Court. By an inspection of this decree, and a comparison of it with the opinion and decree of this Court of the 8th of December, it appears that the Circuit Court has conformed in all respects to the order and direction of this Court, the decree therefore has the force and effect of a judgment of the Court of Appeals, and an appeal therefrom cannot be entertained. To allow an appeal in such case would be to allow a party to baffle and defeat the whole object and effect of the decree of this Court. The motion to dismiss this appeal must therefore be sustained.

These appellants are the widow and executor of the late John R. Barnum, who was a defendant in the cause claiming to be entitled to a share of the property mentioned in the proceedings, and of the rents and profits, as a son of Richard Barnum, and a grandson of David Barnum, the original testator.

In the original bill filed in the cause, this claim of John R. Barnum was averred; but his right thereto was called in question on the alleged ground that he was illegitimate. By the decree of the 14th of June, 1869, which came up on the former appeal, the rights of John R. Barnum and his claim to a share of the rents and profits and of the proceeds of sale were expressly reserved for future adjudication, and it was held by this Court that "he had no right to appeal from the decree on that ground." The same objection exists to the present appeal, for by this last decree the Circuit Court has again expressly reserved, for future decision, the rights of these appellants and the other representatives of John R. Barnum. The decision below not being adverse to them, they are not aggrieved, and consequently, as was before decided by this Court, are not entitled to appeal.

When this case was before us in December last, it was obvious that the interests of all parties concerned required that

the property should be sold, and an account of the rents and profits should be taken; and therefore after deciding the several questions in controversy, the cause was remanded in order that a decree for a sale as directed by this Court should be passed without further delay.   It was not contemplated that the decree for a sale should await the determination of the question of the legitimacy of John R. Barnum, and of the rights of his representatives to a share of the fund.   That question having been reserved by the decree from which the appeal had been taken, was not finally determined by this Court, and these appellants were in error in stating in the petition filed by them, to which we have before referred, that this Court "had decided that John R. Barnum was entitled to his proper share, &c."

In the opinion of this Court which accompanied the decree of the 8th of December, the following language was used with reference to the rights of John R. Barnum: "We must observe, however, that if the case is not altered by further proof on the subject, from the position in which it now stands, he will be entitled to his proper share as the son of Richard Barnum, and grandson of the testator, David Barnum."

In dismissing the present appeal we reiterate the same opinion.   As the case appears upon this record, the representatives of John R. Barnum, are *prima facie*, entitled to a share and the *onus* of proof is upon the parties denying their right to establish the illegitimacy of John R. Barnum; they ought to be required with all convenient despatch, to adduce their proof in order that the question may be decided, and the rights of these appellants and the other representatives of John R. Barnum may be finally determined without unreasonable delay.

In the mean time, and until that question shall be finally decided, these appellants will have the same rights as other parties to the cause, to appear before the auditor, and otherwise intervene for the security and protection of their interests.

*Appeal dismissed.*

(Decided 19th October, 1870.)