(Decided 14th June, 1871.)

SAMUEL STONEBRAKER and HENRY K. HOFFMAN *vs.* HENRY STONEBRAKER.

*Dismissal of an Appeal.*

Where a cause is remanded that a decree may be passed by the Court below, in conformity with the opinion of the Court of Appeals, and a decree in strict accordance therewith is passed, an appeal from such decree will be dismissed.

APPEAL from the Circuit Court of Baltimore City.

This case was before this Court on a former appeal, (*vide Stonebraker, et al. vs. Stonebraker*, 33 *Md.*, 252.) This Court reversed the decree of the Circuit Court, and remanded the cause that a new decree might be passed in conformity with the opinion of the Appellate Court, filed in the case. A decree was passed by the Circuit Court, without further proceedings, in accordance with the directions of this Court. From this decree the present appeal was taken.

A motion was made to dismiss the appeal.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MAULSBY, GRASON, MILLER and ROBINSON, J.

*Charles Marshall* and *Wm. Schley*, for the appellants.

The decree from which this appeal is taken goes far beyond, and differs, materially, from the decree of the Court of Appeals on the former appeal, in the following particulars:

1. The present decree decides, as matter of fact, not only that the appellants violated their agreement of the 10th of December, 1866, in the assignment and transfer to Leonard Passano and William P. Clotworthy; but that they did so *with the fraudulent intent and purpose,* that the said assignees, might and should *manufacture and imitate* Stonebraker's medicines or preparations, and *sell medicines* under the names and titles thereof, *in fraud and contrary* to said agreement, &c.; whereas the said decree of the Court of Appeals expressly decides, that under the provisions of the said agreement of the 10th of December, 1866, these appellants had the clear right under said agreement to sell and transfer the medicines, &c., to said Passano & Clotworthy; so that the declaration, that they sold the same in fraud of and in violation of said agreement is not in conformity to said decree; but in disregard thereof. And as to the imputed fraudulent intent, in assigning and transferring the same to said Passano & Clotworthy, the same is not warranted by said decree, and is not sustained by any proof in the cause.

2. After declaring that said Passano & Clotworthy, together with Charles A. Clotworthy, entered into a covinous and colorable arrangement with Abraham S. Stonebraker, for the manufacture and sale of certain medicines or preparations; and had, in pursuance thereof, manufactured and sold large quantities of medicines and preparations, with labels, wrappings, &c., whereby the said medicines and preparations were held out and sold, as the medicines and preparations of the complainant, it is, in terms, further declared, that such things were done with the aid, encouragement and connivance of the

now appellants, in fraud of the said agreement; and that it is the purpose of said other defendants, with the same aid and contrivance, to continue to do so, which decision is not warranted by the decree of the Court of Appeals; and it is not sustained by the proof in the cause.

3. Because, by said decree of the Circuit Court, an injunction is awarded against the present appellants, restraining them and each of them, their agents and servants, and any and all persons claiming under them, or either of them, from manufacturing or imitating any of the medicines or preparations therein described; and, also, from taking or having any interest in the manufacture or preparations of said medicines; or from being, in any way, interested in the manufacture or sale thereof, or in imitation of them. Whereas, in point of fact, and in truth, no acts were shewn or proved in the cause, to justify such injunction; for the same impliedly asserts, that your appellants had done, or attempted to do, such acts as are prohibited by such injunction; without any warrant for such decision, from anything said or decided by the decree of the Court of Appeals; and without any proof in the cause, that the present appellants, or either of them, ever manufactured or imitated any of said medicines or preparations, or intended to do so, or ever proposed or intended to have or take any interest, in any way, in the manufactures or sale of such medicines or preparations; whereby an unmerited and unwarranted imputation is cast upon the present appellants by necessary implication, of wrongful conduct, in the very teeth of their answer under oath, and without proof to overcome said answer.

4. Because, furthermore, by said decree of the Circuit Court, these appellants, with other named persons, are restrained or enjoined from counterfeiting or imitating the trademarks, &c., of the complainant, used and employed by him, with or upon certain designated medicines and preparations, &c., &c.; without any warrant, for such wrongful implication of misconduct on the part of these appellants, in the

decree of the Court of Appeals, or in the pleadings or proofs in the cause.

5. Because, by said decree of the Circuit Court, the cause is referred to a special auditor to take and state an account, of and for, any and all medicines and preparations whatsoever, by your appellants, and Leonard Passano, Abraham Stonebraker, William P. Clotworthy and Charles A. Clotworthy, *or either or any of them*, since 10th December, 1866, manufactured and sold, or in any wise disposed of, under any of the names, specified in said decree, wherewith were used any of the labels, &c., produced and given in evidence in the cause; whereby these appellants, in the absence of proof, that they or either of them, manufactured or sold a single article, are made liable *in solido*, with the other named persons; for acts that may have been done by those other persons, or any of them, without any proof in the cause of the concurrence, sanction or even knowledge of these appellants, of such manufactures or sales, if any there were.

It is no justification for the injunction that it does not, practically, work any pecuniary loss to the appellants, nor interrupt their business. It casts upon them undeserved imputations and unmerited censure. It does not conform to the spirit and true meaning of the mandate of the Court of Appeals.

*Robert D. Morrison* and *S. Teackle Wallis,* for the appellee.

BRENT, J., delivered the opinion of the Court.

When this case was before us upon a former appeal, it was very fully and carefully examined. We then arrived at the conclusion, that the decree of the Court below was correct, except in so far as it required an account for medicines " manufactured or sold." We designed to restrict the accounting to such medicines as were manufactured and sold under the trade-marks of Henry Stonebraker or the imitations of them, after the dissolution of the firm of Stonebraker, Hoffman &

Co., on the 10th day of December, 1866. The purpose and meaning of the Court was to exclude such medicines as might have been manufactured, but had not been sold, and also to exclude all medicines on hand at the time the firm was dissolved.

Hoffman and Samuel Stonebraker had an undoubted right, under the terms of dissolution, to sell and transfer, with the trade-marks and certificates, any medicines on hand at the time of the dissolution of the firm of Stonebraker, Hoffman & Co. The sale of such medicines was in accordance with their contract, and if they had done nothing more than make the sale to Passano & Clotworthy, there could have been no decree against them. But the evidence so connected them with the subsequent acts of their vendees, that we were satisfied, as was the Court below, that the sale was made by them with the intent and for the purpose of enabling Passano & Clotworthy to manufacture and sell medicines under the trade-marks of Henry Stonebraker.

It was therefore that we found no error in that part of the original decree, in which it is set out that the sale was made to Passano & Clotworthy with that intent and for that purpose.

We also believed that they had so connected themselves by their acts and declarations with the subsequent manufacture and sale of medicines under the prohibited trade-marks, as to make them equally responsible with their co-defendants for such sales, and as the record did not disclose any facts, which made it equitable that the wrong done to the complainant should be apportioned among the several co-defendants, we also agreed with the Court below that the accouting by them should be in *solido*.

The connection of these appellants with the unauthorized sales of the medicines in question was distinctly presented and decided in the former appeal—and that question is no longer an open one before this Court. In the opinion then delivered, this language is used : "That Samuel Stonebraker

and Henry K. Hoffman were both connected with and actively advanced the arrangement effected with Doctor Abraham S. Stonebraker, by which medicines and preparations have been manufactured and sold under the prohibited trade-marks, the weight of evidence abundantly establishes."

It was also decided that the injunction, which was issued against them, had been properly granted. There were two of the appellants then in this Court, and in deciding the propriety of granting the injunction asked for in the complainant's bill, the Court say : " the decree of the Court below is correct in so far as it proceeds to *restrain and enjoin the appellants.*"

The present decree carefully avoids the error committed in the first. In the account directed to be taken, the medicines on hand at the time of the dissolution of the firm of Stonebraker, Hoffman & Co., are to be excluded, and only such sales are to be included as were made of medicines manufactured after that time, and sold under the prohibited trade-marks.

These views, we think, dispose of the several objections made on the part of the appellants to the decree in its present form. We have been unable to discover any error in it, but are of opinion that it has been passed in accordance with the directions and opinion of this Court as expressed upon the former appeal.

This being so, the present appeal cannot be maintained, and the motion to dismiss must be granted.

*Appeal dismissed.*

(Decided 16th June, 1871.)