## WINTER'S EXECUTORS *vs.* JOHN S. GITTINGS, EXECUTOR.

*Remand of Equity Cause—Further Proceedings in Conformity with Opinion of Appellate Court—Interest.*

The Court of Appeals in its opinion on an equity appeal stated that the amount due to the plaintiff by the defendant should be ascertained as being $29,000, and passed a decree remanding the cause to the lower Court to the end that further proceedings might be had in conformity with the opinion of the Appellate Court.    The lower Court thereupon made a decree for the payment of the sum of $29,000.    Code, Art. 5, sec. 36, authorizes the Court of Appeals either to pass a final decree or to remand a cause for further proceedings.    *Held*, that the opinion of the Court of Appeals declared that the plaintiff was entitled not to an accounting but to a money decree for $29,000 ; that it makes no difference whether the formal mandate for such payment is found in a decree of the Appellate Court or in a decree of the lower Court passed upon the remand of the cause, and that the passage of the said decree by the lower Court was a further proceeding in strict conformity with the decree of the Court of Appeals.

It was adjudged that a husband had received certain property from his

wife to be invested in her name and that he was to be entitled to the income therefrom during his life. The cause in which this ruling was made had been defended by the husband and afterwards by his executor upon the ground that the wife's property had been transferred to the husband as an absolute gift. The final decree directed the payment of a definite sum which was held to be the value of the property received by the husband. *Held*, that interest on this sum should not be allowed from the date of the husband's death but only from the date of the decree.

Appeal from the Circuit Court for Howard County (JONES, C. J.)

The cause was argued before MCSHERRY, C. J., PAGE, BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*Arthur W. Machen, Jr.*, for Winter's executors.

The Court declined to hear *Bernard Carter* and *Julian J. Alexander*, for J. S. Gittings.

PEARCE, J., delivered the opinion of the Court.

This record brings up cross appeals from a decree of the Circuit Court for Howard County passed July 1st, 1905, in a cause in which John S. Gittings, executor of Annie M. Winter, was plaintiff, and The Safe Deposit and Trust Company of Baltimore, and Arthur W. Machen, executors of Henry Winter, were defendants. The facts leading up to the passage of that decree were sufficiently stated in an opinion rendered in another appeal embraced in this record, and need not be repeated here.

The decree of July 1st, 1905, was passed in obedience to a decree of this Court reversing a former decree of the Circuit Court for Howard County by which the plaintiff's bill had been dismissed and remanding the cause "to the end that further proceedings may be had in conformity with the opinion of this Court." The opinion states that "the object of the bill is in substance to declare the proceeds of certain securities which were derived from a sale of the wife's property, conceded to be her property at the time of her second marriage,

but which was subsequently sold and reinvested by the husband, in his own name, and held by him at the time of his death, to be the property of the plaintiff's testatrix and to belong to the plaintiff as the legal representative of the wife." It proceeds later on to state, after reviewing the evidence that "upon the facts thus disclosed and set out, we are of the opinion that the plaintiff is entitled to the relief sought by his bill," and adds "as to the question of the measure of recovery in the case, we think the proof shows that the amount realized from the securities when sold in New York was about $29,000. The memorandum in the handwriting of Mrs. Winter shows that they brought $29,000. The defendant, according to the testimony, of the plaintiff, admitted in the several conversations with him, that they sold for about the amount here indicated. The defendant in his testimony states that they brought in currency between $25,000 and $26,000, but when reduced to gold he realized over $21,000. We agree with the plaintiff's contention, that as the defendant did not invest these securities in his wife's name so that they could be easily identified, and has failed in his testimony to say in what they were invested, and of what price, it is but fair that he should be charged for the currency price in New York when the securities were sold; *and this amount should be ascertained at $29,000.*"

Upon the remanding of the cause with the decree and opinion above-mentioned, the Circuit Court for Howard County proceeded to decree in its own language, "in conformity with the opinion and decree of the Court of Appeals,· that the plaintiff recover against the said Safe Deposit and Trust Company of Baltimore, and Arthur W. Machen, executors of the last will of Henry Winter, deceased, to be paid out of the goods, chattels, credits and estate of the deceased, the sum of $29,000, *the value as ascertained by the said Court of Appeals* of the securities of the plaintiff's testatrix, converted by the said Henry Winter, deceased, in his life time, and adjudged by the Court of Appeals to have been the property of Annie M. Winter, the plaintiff's testatrix, together with interest thereon from the date of this decree and the

plaintiff's costs of suit in this Court and in the Court of Appeals to be taxed by the Clerks of said Courts respectively;" and then further proceeded to decree in the usual form that the defendants bring into Court the money so decreed to be due and recoverable by the plaintiffs together with the costs of suit.

The question presented by the defendant's appeal, as stated in their brief is "whether such a decree constitutes further proceedings in conformity with the opinion of this Court," and the substance of the argument made in their behalf is that the cause would not have been remanded "for further proceedings if this Court had meant merely that a decree for payment of $29,000 should be passed." It may be conceded that under sec. 36 of Art. 5, this Court could, without remanding, have passed a final and effective decree, for the payment by defendants to the plaintiff out of the estate of Mr. Winter, of the sum of $29,000 and costs of suit, but the question presented to us, is not in what *form* has the Court decreed what is to be done, but what is the *substance* of that which it has been decreed shall be done. That section while permitting the Court, either to pass a final decree where this can be done, or to remand for further proceedings in its discretion, requires the Court in remanding to express the reasons therefor, and also determine and declare the opinion of the Court on all points made before it or presented by the record, and it has determined and declared that the plaintiff is entitled not to an accounting, but to a money decree for $29,000. Can it then be material whether the formal mandate for such payment is found in a decree of this Court passed under one branch of the discretion reposed in it by sec. 36 of Art. 5—or in a decree of the Circuit Court passed upon the remand of the cause under another branch of the discretion reposed by the same section, with specific instructions as to the decree? With sincere respect for the distinguished counsel of defendants whose zeal and ability is so often displayed in this Court, we are unable to agree with their contention.

The opinion of the Court we think was a definite present,

ascertainment of the amount for which the defendants were responsible to the plaintiffs, and that as the Court instead of passing its own final decree for payment of that amount, remanded the cause that the Circuit Court might pass such decree, the passage of such decree by that Court was a further proceeding in strict conformity with the decree of this Court, and we find no error in the decree of the Circuit Court in this respect.

The plaintiff's appeal is from so much of said decree as adjudges him to be entitled to interest only from the date of the decree, and not from the date of Mr. Winter's death, which occurred January 24th, 1905.

It is argued for the plaintiff that inasmuch as this Court found that under the agreement between Mr. and Mrs. Winter, the proceeds of her securities were to be reinvested as her property and in her name, though he was to be allowed the income during his life, therefore both the principal sum derived from the sale of said securities, and all the increment therefrom except the life estate in the income, always continued to be her property, and that it necessarily follows from this, that her executor was entitled to the interest from the cessation of his life estate in the income. This is based upon the theory that interest in a mere incident, or integral part of the debt. This is true where there is an express contract for payment of interest, and in such case interest is recoverable as such as a matter of right up to the time of breach, but not after. 16 *Am. & Eng. Ency.*, 2 ed., p. 999. In the leading case in this State, *Newson* v. *Douglass*, 7 H. & J. 453, it was held that on bonds, or contracts in writing to pay money on a day certain, or where the money claimed has been actually used, interest is recoverable as matter of right, but that in all other cases the question should be referred to the jury, who may allow it or not *in the shape of damages* (according to the equity), and justice appearing between the parties. In *Frank* v. *Morrison*, 55 Md. 409, it was held that a subscription for stock in a corporation to be paid for in installments, at such times as should be called for did not fall within that class of contracts upon

which, under the rule in *Newson* v. *Douglass*, *supra*, interest was recoverable as of right. Equity allows interest in all cases where, under like circumstances, it might be recovered at law. *Hammond* v. *Hammand*, 2 Bland, 370. The allowance of interest therefore is discretionary with the Court in equity cases where the Court takes the place of the jury, unless in the given case interest is recoverable as of right. In the present case, Mr. Winter was using the proceeds of sale of his wife's securities, with her consent during his life, not only to such use, but to the retention by him of the income therefrom. The time of his death could not be known, and until then his use and retention of the income was rightful. When this suit was brought he defended upon the ground that the securities were an absolute gift to him. His executors must be taken to believe that this defence was made in good faith, and they could not be expected to pay such a sum as here is involved until the matter was determined adversely to the estate by a Court of last resort. To have done so would be a dereliction of duty on their part, the thought of which cannot be imputed to them. Until the decree of this Court was made, the right of her executor to recover at all was not established nor was the amount recoverable definitely ascertained, so that his executors, before the passage of that decree could not know what sum to pay, if they had desired to pay, nor could her executor have known what sum he was entitled to demand.

In *Lewis* v. *Rountree*, 79 N. C. 122, the Court said, "It is a rule which may be gathered from the cases that whenever a debtor has notice, or ought to know that he owes a *certain* sum, and when he is to pay it, if he fails to pay it, he ought to pay interest. In the present case, although we may assume that the defendant had notice by the commencement of the action, that he was looked to for the payment of damages, yet, as a fact, not only was the amount technically unliquidated, but owing to the unsettled state of the law, it was uncertain. He could not safely and without risk pay any sum until it was ascertained by a judgment which he might expect it

speedily would be." We think this sound reasoning and applicable to the case before us. Moreover the opinion of this Court ascertained the amount due as $29,000, and said nothing about interest, and in passing its decree the Circuit Court certainly conformed literally to the opinion and decree of this Court in allowing interest only from the date of its own decree. Had it allowed interest from the date of Mr. Winter's death, there can be small doubt that his executors would have appealed upon that ground as not in conformity with the opinion and decree of this Court. We find no error in the decree in this respect.

> *Decree affirmed, costs to be paid by the*
> *executors of Henry Winter.*

(Decided January 9th, 1906.)