EDWARD C. CARRINGTON, JR., Receiver, *vs.*
THOMAS C. BASSHOR CO. et al.

*Appeals: effect of decision on new trial and appeal. Directors*
*of corporations: building committee; technical trustees;*
*misapplication of funds; personal liability.*
*Interest: in equity.*

Upon a second appeal of a case, the Court of Appeals may look into and decide questions involved in the record previously brought up; provided no decision of those questions was made in the former appeal.                              p. 381

But the Court of Appeals is presumed in every case to have considered all questions properly presented by the record, and raised on appeal, which were found necessary for the determination of the rights of the parties to the suit.          p. 381

The allowance of interest as a general rule is discretionary with the Court in equity cases. It may be allowed or not, according to the equity or justice between the parties, except in cases where interest is recoverable as a matter of right.

pp. 383, 384

T. C. B., the director of a corporation, and member of a building committee, to whom certain funds were entrusted, personally participated in and profited by a wrongful conversion and application of some of such funds; and on a former appeal was found personally liable for $21,000; no mention of interest was made in the decision or decree in that appeal; on a second appeal it was *held,* that in view of all the circumstances of the case it would not be equitable or reasonable to charge him with interest, excepting from the date of the decree of the lower Court to which the case had been remanded for further proceedings.          pp. 380, 384

*Decided January 15th, 1913.*

Appeal from Circuit Court No. 2 of Baltimore City (Stump, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*W. Ewin Bond* (with whom were *Venable, Baetjer & Howard* on the brief), for the appellant.

*Edgar Allan Poe,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This case is brought before us for the second time. On the former appeal decided at the April Term, 1912, of this Court, and reported in 118 Md. 419, we reversed a decree of Circuit Court No. 2 of Baltimore City in the case then pending, as to the Thomas C. Basshor Company and C. Hazeltine Basshor, and remanded the cause that further proceedings might be had as indicated by the opinion.

It was held in that case, that Thomas C. Basshor Company and C. Hazeltine Basshor, were liable to Edward C. Carrington, Jr., Receivers of the Hammond Ice Company in the sum of $21,000.00.

It was also held, that the payment by either the Basshor Company of C. Hazeltine Basshor, would be a satisfaction of this liability.

The case having been remanded, with the decree and opinion as filed, Circuit Court No. 2 of Baltimore City passed the following decree dated the 24th day of July, 1912:

"The appeal, prayed in this case by the plaintiffs, having been duly heard and determined by the Court of Appeals, and the said Court having remanded the case to this Court to the end that a decree may be passed in conformity with the said opinion of the Court of Appeals; and it appearing from the opinion of the Court of Appeals that Ormond Hammond improperly paid to the Thomas C. Basshor Company of Baltimore City out of the O. Hammond Special Account in the City Trust and Banking Company the sum of twenty-one thousand dollars ($21,000.00) on November 20th, 1902,

with the knowledge and upon the order of C. Hazeltine Basshor, and this Court being of the opinion that the said sum of twenty-one thousand dollars ($21,000.00) improperly paid, as aforesaid, to the said Thomas C. Basshor Company of Baltimore City on November 20th, 1902, as found by the Court of Appeals, should be repaid, it is thereupon, this 24th day of July, 1912, by Circuit Court No. 2 of Baltimore City adjudged, ordered and decreed that the Thomas C. Basshor Company of Baltimore City, C. Hazeltine Basshor and Ormond Hammond shall pay to Edward C. Carrington, Jr., receiver of the Hammond Ice Company, the sum of twenty-one thousand dollars ($21,000.00), with interest from this date.

And it is further ordered that the said Thomas C. Basshor Company of Baltimore City, C. Hazeltine Basshor and Ormond Hammond shall pay the costs of this suit in this Court, and one-third of the cost of taking the testimony, and the cost of transcript of record sent to the Court of Appeals."

From the decree as passed the receiver of the Hammond Ice Company, the appellant on this record by leave of Court, has taken this appeal.

It will be seen, that the single question involved on the appeal, is whether the Court below committed an error in directing in the decree that interest should be paid on the sum of $21,000.00, the liability of the appellant only from the date of its decree, and not from the 20th day of November, 1902, the date upon which the money was improperly paid to the Basshor Company. And this question revolves itself into the further inquiry whether the decree of the lower Court passed on the 24th day of July, 1912, conformed, and is in accordance with the opinion and mandate of this Court, passed in the case, on the former appeal.

Upon the question of interest, the opinion and the decree of the Court, on the former appeal are silent, although the prayer of the bill was to the effect, that the defendants be required to pay the plaintiff the sum of $21,000.00, with interest from November 20th, 1902.

For this reason, we think the case falls within the case of *Duvall* v. *The Farmers' Bank,* 9 G. & J. 51, where it is held, "that upon a second appeal in the same case this Court may look into and decide questions involved in the record previously brought up, when a decision of those questions was not made upon the former appeal": *Tolson* v. *Tolson,* 8 Gill, 390; *Bridendolph* v. *Zeller,* 5 Md. 64; *Cumberland C. & I. Co.* v. *Sherman,* 20 Md. 131.

In *Smith* v. *Shaffer,* 50 Md. 132, it was said a party cannot be allowed to prosecute different and successive appeals on the same state of record, unless there have been new proceedings since the last appeal, and then only in respect to questions raised on, and by such new proceedings. When appeal is taken, all the questions which may be properly raised in this Court on the then state of the record as it may exist in the Court of original jurisdiction must be considered as embraced by the first appeal, and if not then raised and presented for decision, they must be considered as waived. Otherwise there would be no end of litigation and appeals. *Graff* v. *Barnum,* 33 Md. 283; *Stonebraker* v. *Stonebraker,* 34 Md. 444; *Waters* v. *Waters,* 28 Md. 11; *Abraham* v. *Trust Co.,* 86 Md. 254; *Hastings* v. *Foxworthy,* 34 L. R. A. 321.

While the question of interest was raised on the former appeal, it was not discussed in the opinion and no mention thereof appears in the decree. It does not, however, necessarily follow it was not considered by the Court in the conclusion and ultimate determination of the case.

This Court is presumed in every case to have considered all questions properly presented by the record and raised on the appeal, which are found necessary for the determination of the rights of the parties to the suit.

In the present case we held and ascertained the amount of the liability of the appellee to the appellant to be $21,-000.00 and said nothing about interest and instead of passing a final decree in this Court for the payment of that certain and definite amount as so ascertained, we remanded

the cause, so that the Circuit Court might pass a decree in conformity thereto.

It will be seen upon an inspection of the decree of the lower Court, and upon a comparison of it with the opinion and decree of this Court that it conforms in all respects to the decree and directions of this Court passed on the 10th day of July, 1912, and remanded to the Court below.

In *Winter* v. *Gittings,* 102 Md. 468, in dealing with a similar proposition, it was held, that where this Court ascertained the amount due and said nothing about interest, and in passing its decree, the lower Court conformed literally to the opinion and decree of this Court and allowed interest only from the date of its own decree, there was no error in the decree of the Circuit Court, and its decree in this respect was affirmed.

The allowance of interest as a general rule, is discretionary with the Court in equity cases. They may allow it or not according to the equity and justice between the parties, except in cases where interest is recoverable as a matter of right. *Hammond* v. *Hammond,* 2 Bland, 290; *Frank* v. *Morrison,* 55 Md. 409.

CHIEF JUDGE BUCHANAN in delivering the opinion of this Court in *Newson* v. *Douglass,* 7 H. & J. 453, said, the question of interest arising is one of frequent occurrence in the books, and has been found to be a subject not susceptible of the application of any fixed and general rule of law, the dealings between man and man being so various in their nature that scarcely two cases are to be met with presenting the same aspect, but each depending upon its own peculiar circumstances.

There are indeed cases, he further said, not to speak of bonds, etc., in which interest is recoverable as of right. Such as on a contract in writing to pay money on a day certain; as in the case of a bill of exchange or a promissory note, or on a contract for the payment of interest, or where the money claimed has actually been used. But with such exceptions, it has long been the settled practice of the

courts of this State, to refer the question of interest entirely to the jury, who may allow it or not in the shape of damages, according to the equity and justice appearing between the parties on a consideration of all the circumstances of the particular case as disclosed at the trial.

In *Winter* v. *Gittings, supra,* we said until the decree of this Court was made, the right of the appellant to recover at all was not established, nor was the amount recoverable definitely ascertained, so that the appellant before the passage of that decree, could not know what sum to pay, if he had desired to pay it.

It was also said, that the opinion of the Court was a definite, present ascertainment of the amount for which the defendants were responsible to the plaintiff and until the decree the amount was not only technically unliquidated but it was uncertain. *Lewis* v. *Rountree,* 79 N. C. 122.

In *Leviness* v. *Con. Gas. Co.,* 114 Md. 572, it was held to be equitable under the facts and circumstances of that case to adjust the interest as of the date of the decree of this Court.

These authorities we think dispose of the case and as we are of opinion that the decree of the Court below is in every respect in conformity with the opinion and decree of this Court upon the former appeal we would be required to affirm the order, if there were no other reasons for so doing. *Waters* v. *Waters,* 28 Md. 22; *Hammond* v. *Inloes,* 4 Md. 164; *Hastings* v. *Foxworthy,* 34 L. R. A. 321; *Winter* v. *Gittings,* 102 Md. 468.

It has been, however, urged in argument on behalf of the appellant, that this case falls within that class of cases where it is held that interest is recoverable as a matter or right and a number of cases are cited to support that well settled rule of law. *Duckett* v. *Mechanics Bank,* 86 Md. 403; *Comegys* v. *The State,* 10 G. & J. 187; *McShane* v. *Howard Bank,* 73 Md. 135; *Havre de Grace* v. *Fahey,* 108 Md. 540.

We do not mean to question or controvert in the least the principles of law established by those well considered cases and others along the same line, but we are not prepared to

hold on the particular facts and circumstances of this case as disclosed by the record on the former appeal that they apply in this case to the extent that we were required to award interest on the fund recovered by the appellant, as prayed by the bill.

In *Latrobe* v. *Winans,* 89 Md. 648, in discussing the question of the allowance of interest in that case, it is said: "Our own law must determine whether any interest, and if so, what, is recoverable. The doctrine of our Courts, is that this subject is not susceptible of any fixed or general rule of law, since no two cases present the same aspect, but each must depend upon its own peculiar circumstances and where not recoverable as of right, its allowance is in the discretion of the jury, according to the equity and justice appearing between the parties on all of the circumstances disclosed at the trial. And in the matter of allowing interest equity follows the law. *City Pass. R. R. Co.* v. *Sewell,* 37 Md. 452; *Musgrave* v. *Morrison,* 54 Md. 161; *Newson* v. *Douglass,* 7 H. & J. 454; *Frank* v. *Morrison,* 55 Md. 408.

Upon a consideration of the particular facts and circumstances of this case, as disclosed by the record in the former appeal and without repeating them here, we think it would have been inequitable and not in accordance with right and justice appearing between the parties to have directed that interest should have been charged on the fund, awarded the appellant; and as now claimed by him on this appeal.

The conclusion reached by us on the former appeal was the result of a careful consideration of the rights and equities of all the parties interested in that litigation, and we find no good reason to disturb it on this appeal.

We find no error in the decree appealed against and as it is in conformity with the decree passed by this Court, on the former appeal, it will be affirmed.

*Decree affirmed, with costs.*