JAMES MUSGRAVE *vs.* ROBERT D. MORRISON, and others, Receivers of THE CHESAPEAKE MUTUAL LAND AND BUILDING ASSOCIATION OF BALTIMORE CITY.

*Action on a subscription for Stock—Waiver of terms of subscription—Estoppel—Proof of Subscription—Subscription may be inferred from circumstances—Bonus paid not to be treated as part of the subscription—Non-compliance with sec. 59, of Act of 1868, ch. 471, no bar to the Action—Interest.*

In an action by the receivers of an incorporated company against a stockholder, to recover his subscription to the capital stock of said company, it appeared that the company was chartered for the purpose of buying, selling and leasing property, and also as a Homestead or Building Association, and that at the time of the entry of the defendant's subscription, it was engaged in the prosecution of its business, and he knew at the time that its whole capital stock had not been taken. HELD:

That under these circumstances it might be inferred that the defendant's subscription was not made upon the condition that the company was not to organize until the whole number of shares had been taken.

The defendant continued a member of the company from April, 1871, to December, 1874, and during all this time, not only paid the weekly dues on his subscription, but received also his proportion of the profits earned by the company. In addition to this, he authorized an attorney to vote his stock at all the meetings of the company, whether for the election of directors, or the transaction of other business. HELD:

1st. That under such circumstances, it was too late for him to say, in an action brought by receivers representing the creditors of the company, that he was not liable, because the whole capital stock was not taken, or that he did not know it was not taken.

2nd. That actual knowledge of this fact, in such a case, was neither necessary to prove a waiver or an estoppel.

3rd. That it was not necessary, to entitle the plaintiffs to recover, to prove that the subscription was made in the hand-writing of the defendant. If it was made by his authority, or if made without his authority, and he afterwards ratified and adopted it, this would be sufficient.

4th. That his subscription was sufficiently established by the evidence, which showed that his name was entered on the stock ledger, and that he continued to pay his weekly dues, and to receive his dividends upon the faith of such subscription, and that he authorized his attorney to vote his stock.

5th. That a bonus paid by the defendant at the time of his subscription, could not be claimed by him as a credit in the suit, the same having been paid in consideration of profits earned, or supposed to have been earned by the company, at the time of his subscription.

The provision of sec. 59, of the Act of 1868, ch. 471, that the capital stock of corporations chartered under that Act, shall be payable in two years, from and after the incorporation of the company, or such corporation shall be dissolved, applies only to proceedings instituted by the State for the dissolution of the corporation itself.

In the above case it was also HELD:

That the question of interest was properly left to the discretion of the jury.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiffs at the trial offered three prayers and the defendant ten, all of which are omitted as not necessary for the proper understanding of the questions decided by this Court.

The Court below (BROWN, J.,) granted the plaintiffs' prayers and refused all those offered by the defendant except the tenth.

The defendant excepted and the verdict and judgment. being rendered against him he appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, ALVEY, ROBINSON and IRVING, J.

*Bernard Carter*, for the appellant.

*Samuel Snowden* and *Robert D. Morrison*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This suit is brought by the appellees, receivers of the Chesapeake Mutual Land and Building Association, to recover the appellant's subscription to its capital stock.

The company was chartered for the purpose of buying, selling and improving land, and also for the purposes of a Homestead Building Association.

Its capital was fixed at eight hundred thousand dollars, divided into two hundred shares of the par value of four hundred dollars each.

In April, 1869, the company organized, and began the prosecution of the business for which it was chartered, and continued to prosecute the same until December, 1874, when the appellees were appointed by the Circuit Court of Baltimore City, receivers.

In May, 1871, the name of the appellant was entered by the secretary of the company on the stock ledger for ten shares of stock, upon which he paid at the time an instalment of one dollar and fifty cents per share entrance fee, and sixty dollars bonus for the stock. At the same time, the secretary also issued a small book, containing an entry of the number of shares of stock held by the appellant, and entries of the weekly dues paid by him.

The appellant continued a member of the company until the appointment of the appellees as receivers, and continued to pay his weekly dues, and to receive his proportion of the dividends earned by the company.

It also appears that the appellant duly appointed by power of attorney Thomas A. Wilson, his attorney, to vote the shares of stock held by him, at meetings held for the election of directors and for other purposes.

It also appears that not more than one thousand of the two thousand shares of the capital stock of the company was taken, and this fact is mainly relied on by the appellant as a defence to the suit now brought to enforce the payment of his subscription.

We have said, it is true, speaking in reference to companies chartered for manufacturing purposes, that where the capital stock, and number of shares and the sum to be paid for each share are fixed by the charter, an action would not lie to enforce the payment of a subscription, until the whole capital stock was taken; because in such a case it is fair to presume that the entire amount of the capital stock fixed by the charter, is necessary for the successful prosecution of the business of the company, and the subscription is, therefore, made upon this implied understanding.

We do not mean to say, however, that this rule applies to corporations of every kind without regard to the objects and purposes for which they are chartered. On the contrary, it may be obvious from the face of the charter itself, that the whole capital stock is not in any manner necessary to the organization of the company, and that the subscriber knew or had reason to know this at the time of his subscription. In this case, the company was chartered for the purpose of buying, selling and leasing property, and also as a Homestead and Building Association, and at the time of the entry of the appellant's subscription, it was engaged in the prosecution of its business, and he knew at the same time, that its whole capital stock had not been taken, and under these circumstances it might well be argued that his subscription was not made, upon the condition that the company was not

to organize until the whole number of shares had been taken.

But be this as it may, we have also held that this condition is one which the subscriber may expressly or impliedly waive, or which he may be estopped by his own conduct from relying on as a defence. *Morrison vs. Dorsey*, 48 *Md.*, 463; *Hager vs. Cleaveland*, 36 *Md.*, 460.

Now in this case the appellant continued a member of the company from April, 1871, to December, 1874, and during all this time, not only paid the weekly dues on his subscription, but received also his proportion of the profits earned by the company. In addition to this we find him authorizing an attorney to vote his stock at all the meetings of the company, whether for the election of directors, or the transaction of other business.

Under such circumstances as these, it is too late for him now to say, in a suit brought by receivers representing the creditors of the company, that he is not liable because the whole capital stock was not taken, or that he did not know it was not taken. Actual knowledge by him of this fact in a case like the present was neither necessary to prove a waiver or an estoppel. We see no grounds on which this case is distinguishable from *Dorsey's Case*, 48 *Md.*, 463.

But it was further argued that there is no evidence of the appellant's subscription to the stock of the company. It was necessary, of course to prove this, to entitle the plaintiffs to recover, but it was not necessary to prove that the subscription was made in the hand-writing of the defendant. If it was made by his authority, or if made without his authority, and he afterwards ratified and adopted it, this would be sufficient. The evidence shows that his name was entered on the stock ledger, and that he continued to pay his weekly dues and to receive his dividends upon the faith of such subscription, and that he authorized his attorney to vote his stock. These facts

are undisputed, and it is difficult to imagine a case of stronger proof, unless the subscription be in fact in the hand-writing of the party.

Nor do we see on what ground the appellant can claim the sixty dollars paid by him as a bonus on his stock as a credit in this suit. This bonus was nothing more or less than a premium on the shares of stock. The company had been organized and engaged in the prosecution of its business some time before the defendant's subscription, and the bonus was paid in consideration of profits earned or supposed to have been earned by the company.

In support of the seventh prayer, the defendant relies on sec. 59 of the Act of 1868, which provides that the capital stock of corporations chartered, under that Act, shall be payable in two years from and after the incorporation of the company, or such corporation *shall be dissolved.*

And it is contended, that no action will lie to enforce the payment of the defendant's subscription, because it was not payable in two years, as thus prescribed by the statute.

This provision, however, applies only to proceedings instituted by the State for the dissolution of the corporation itself, and it is well settled that the cause of forfeiture cannot be taken advantage of, or enforced collaterally or incidentally, or in any other mode than by a direct proceeding instituted for that purpose against the corporation. The State creating the corporation, can alone institute such a proceeding, since it may waive a broken condition of a compact made with it. *Planters' Bank of Prince George's Co. vs. Bank of Alexandria,* 10 *G. & J.,* 346; *Regents of the University of Md. vs. Williams,* 9 *G. & J.,* 365; *Canal Co. vs. Railroad Co.,* 4 *G. & J.,* 1.

The question of interest was properly left, we think, to the discretion of the jury. As a general rule interest at common law was only allowed upon mercantile contracts,

or upon an express promise to pay it, or where such promise was to be implied from the usages of trade or other circumstances. In other cases it was a question entirely for the jury, to be decided according to the equities of the transaction. *Balto. City Passenger R. W. Co. vs. Sewell,* 37 *Md.,* 452.

Finding no error in the rulings below the judgment will be affirmed.

*Judgment affirmed.*

(Decided 29th June, 1880.)