LOUIS N. FRANK *vs.* ROBERT D. MORRISON, GEORGE J. APPOLD, SAMUEL SNOWDEN and JOSEPH FRIEDENWALD, Receivers of THE FRANKLIN LAND AND LOAN COMPANY.

*Subscription to the Stock of a Land and Loan Company— Statute of Limitations—Interest—Remitter—Art. 5, sec. 14, and Art. 29, secs. 39 and 40, of the Code.*

F. subscribed for and agreed to take five shares of the stock of a Land and Loan Company, and to pay $400 per share therefor, in weekly instalments of one dollar on each share until paid in full; and his name as such subscriber by his direction was entered by the company's secretary on its stock ledger about the 16th of February, 1871, on which day he made his first payment, and continued to pay until the 4th of June, 1874, and had the payments entered in his book and received his dividends.   On a suit by the receivers of the company brought the 18th of March, 1879, to recover the instalments, which he had failed to pay for more than 150 weeks last past, it was HELD :

1st. That the Statute of Limitations was no bar to the action, as F. was bound by his contract to pay in weekly instalments, though the time of payment was extended beyond the period of two years prescribed by the Act of 1868, ch. 471, sec. 59.

2nd. That this subscription was not within the class of contracts on which interest is recoverable as of right.

3rd. That this Court has no power to modify the judgment in this case, in which the jury were instructed to allow interest, as a matter of right, on the several weekly instalments from the times they respectively fell due, by remitting the amount of such interest. Such case does not fall under Art 5, sec. 14 or Art. 29, secs. 39 and 40, of the Code.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered three prayers, none of which is it necessary to set forth. The defendant offered thirteen prayers, of which the following only need be stated :

9. That the Franklin Land and Loan Company was not authorized by the Act of Assembly of 1868, ch. 471, and the amendments thereto, and its charter, to provide for the payment of its stock, in the manner set forth in Article III of its by-laws, and therefore the plaintiffs are not, under the pleadings and evidence in this case, entitled to recover.

12. That the cause of action in this cause did not accrue within three years next before this suit, and the verdict must therefore be for the defendant.

The Court (GAREY, J.,) granted the plaintiffs' prayers, but rejected all the defendant's prayers, except his eighth prayer. The defendant excepted, and, the verdict and judgment being for the plaintiffs, the defendant appealed.

*Samuel J. Harman* and *M. R. Walter,* for the appellant.

The subscription must be in writing.

What is the writing in this case ? It is the entry of Frank's name by the company's secretary in the book known as the Stock Ledger. The by-laws are not in this ledger, nor is there any direct or indirect reference to them. What is the effect of this entry in the Stock Ledger ? It is equivalent to a subscription to a contract containing the Act of 1868 and the certificate of incorporation, and the said Act and certificate, therefore, constitute the contract of subscription. The by-laws form no part of it. *Act of* 1868, *sec.* 44; *Small vs. Herkimer Manf. Co.,* 2 *Comstock,* (*N. Y.,*) 335, 341; *Thiegpen vs. Miss. Cen. R. R. Co.,* 32 *Miss.,* 356.

Even had the by-law which provides for payment in weekly instalments been made by express agreement, a

part of the said contract, it would be void, because not sanctioned by the Act of Assembly. No corporation can exercise a right or power which is not expressly granted or does not exist as an incident to the power so granted. *Angell on Corporations, secs.* 111, 256, 271. By sec. 50 of the Act of 1868, corporations formed thereunder have authority to adopt by-laws not inconsistent with the Statute Law. Sec. 59 of the Act of 1868, provides that the capital stock of *all* corporations created thereunder *shall* be paid one-half in one year, and one-half in two years from and after the incorporation of the company, or such corporation *shall* be dissolved. The by-law of the "Franklin" providing for the payment of the stock in weekly instalments, which would have taken nearly eight years, is in direct conflict with sec. 59, and is, therefore, void.

Assuming for the purposes of the argument that the said by-law was equally with the Act of Assembly and the certificate of incorporation a part of the contract— what then? The Court would be asked to construe it, and to deal with it as with any other written contract containing inconsistent provisions, and as here the Act of Assembly is paramount, the Court would hold that section 59 must prevail over the by-law, and that the latter must be void.

Suppose the receivers had immediately after their appointment instituted suit for the entire balance of the unpaid subscription, and the appellant had set up the by-law, what would the receivers have answered? That is not your contract of subscription. Your contract is the Act of 1868, and the certificate of incorporation. Sec. 59 regulates the payments, and by that you are bound. Your subscription is an announcement to the world that you have subscribed under said Act and certificate. The creditors have credited you upon that subscription, and you are, therefore, estopped from setting up a by-law

adopted by the corporation, allowing you to pay in weekly instalments. The law did not authorize any such by-law, and we can be affected only by what the corporation had a legal right to do. As estoppels are mutual, the receivers must be held to be bound in this case as fully as the appellant would have been bound in the hypothetical case.

The question of forfeiture is neither incidentally nor collaterally involved here, and *Musgrave's Case* has, therefore, no application upon that point. The appellant's ninth prayer should have been granted.

2. As sec. 59 constituted part of the contract of subscription, the receivers had the right to collect the entire balance of the subscription when they demanded payment of the appellant in October, 1875. This suit having been brought more than three years after the entire subscription was due and payable, and after the appellant's denial of his liability, the claim was barred by limitations, and the twelfth prayer should have been granted.

Limitations can be pleaded in this suit, because limitations begin to run on a claim against a stockholder as soon as there is a relinquishment of business by the corporation, or as soon as receivers are appointed. *Curry vs. Woodward*, 53 *Ala.*, 371, 376; *Scoville vs. Shaw*, 4 *Clif.*, (*C. C.*,) 567.

3. The appellees' three prayers should not have been granted. They allow interest as a matter of right. *Musgrave's Case.*

4. This Court cannot enter judgment for less than the verdict. The allowance of interest, as a matter of right, was erroneous, and the judgment must, therefore, be reversed, and a new trial granted.

*Robert D. Morrison* and *Samuel Snowden*, for the appellees.

The non-compliance of the subscription with sec. 59 of the Act of 1868, ch. 471, as to the time in which it should be fully paid up, does not affect its validity. The contract between the appellant and the corporation rests upon the terms of the by-law, the validity of which he is estopped from denying. *Musgrave's Case,* 54 *Md.,* 161; *Dorsey's Case,* 48 *Md.,* 461.

As all the instalments on the stock sued for in the case became due between April 1st, 1876, and March 18th, 1879, the Statute of Limitations could not apply. The position of the appellant requires that the Court should imply a contract, although it is conceded that an express contract was made, which clearly cannot be done. *Stockett vs. Watkins,* 2 *G. & J.,* 341.

The claim made in this case is for money due for an unpaid subscription to the capital stock of the corporation, which, it is well settled, constitutes a trust fund in the hands of the stockholder, who is, by reason of the possession of such fund, a trustee. *Thompson on Liability of Stockholders, secs.* 10 *and* 11; *Wood vs. Dummer,* 3 *Mason,* 311; *Rider vs. Morrison,* 54 *Md.,* and because he is such trustee, he cannot be allowed to set off an indebtedness owing to him by the corporation against a claim for such unpaid instalments, because the claims are not in the same right—one being owing *to* him as an individual, and the other owing *by* him as trustee. *Sawyer vs. Hoag,* 17 *Wall.,* 610, and a bill in equity will lie against such stockholder, because he is trustee. 1 *Hughes Ct. Ct.*

As he holds the unpaid subscriptions as trustee of an express trust, the Statute of Limitations is not a good plea in bar of a suit for such unpaid subscriptions. *Thompson on Liability of Stockholders, sec.* 282; *Hightower vs. Thornton,* 8 *Ga.,* 486 (502); *Payne vs. Bullard,* 23 *Miss.,* 88.

The prayer of the appellees directed the jury to give interest as a matter of right. This was done in order to

get the question of interest settled; but pending this appeal, the Court, without hearing any argument, expressed an opinion in reference to interest in *Musgrave's Case.* The appellees are entitled to interest as matter of law. The sum due is ascertained by the written contract, for he agreed to pay for the stock in weekly instalments, on every Thursday evening, to the directors. *Newson vs. Douglas,* 7 *H. & J.,* 453.

As, therefore, each instalment fell due, it was an ascertained amount on which the corporation was entitled to interest as a matter of right. It was, in fact, an incident to the debt, founded on the agreement of the parties, and the Court is bound to allow it as damages, which the party is legally bound to pay, for the detention of money improperly withheld. *Sedgwick on Damages, top p.* 463–475 *and* 476; 6 *Am. Dec.,* 185 *and note,* 188 *and* 196.

The appellant knew the amount of the instalments to be paid as they became due, and when and where the payments were to be made; and having omitted to make such payments, he is now bound to pay interest thereon. *The People vs. New York,* 5 *Cowen,* 331, 334; 4 *Wait's Actions and Defenses,* 127; *Scarlett vs. Academy of Music,* 43 *Md.,* 203.

But even if the question is considered by the Court to be settled by the decision in *Musgrave's Case,* the appellant is not injured by the judgment, and therefore the Court will not reverse the same, as it is merely a calculation of the amounts as ascertained from an undisputed contract made by the appellant. *Benson vs. Atwood,* 13 *Md.,* 21, (57.)

Certainly the appellant could, under no circumstances, suffer more than the amount of the interest allowed by the jury, which sum the appellees are willing and hereby offer to remit. This Court is authorized to allow an amendment of the judgment, or any entry necessary to correct the error. *Revised Code, Art.* 71, *sec.* 19.

MILLER, J., delivered the opinion of the Court.

In this case an action of *assumpsit* was brought on the 18th of March, 1879, by the Receivers of the "Franklin Land and Loan Company of Baltimore City" to recover from the appellant certain unpaid instalments on his subscription for stock. The declaration contains a special count, charging that prior to the 1st of April, 1876, the defendant subscribed for and agreed to take five shares of the stock of said company, and to pay $400 per share therefor, in weekly instalments of one dollar on each share until paid in full, and that he has failed to pay such instalments for more than one hundred and fifty weeks last past.

It is agreed that most of the questions presented by the rulings of the Court upon the several instructions offered on both sides have been settled by the decisions of this Court in the cases of these same *Receivers* against *Dorsey*, 48 *Md.*, 461, against *Musgrave*, 54 *Md.*, and against *Rider*, 54 *Md.* Practically, the only question now open is, whether the Statute of Limitations is a bar to the action? And as to this, it is conceded that if the contract set out in the declaration to pay for the shares, in weekly instalments of one dollar per share, is to be treated as the real contract between the corporation and the subscriber, the Statute does not apply. The proof in the case shows the name of the defendant, as a subscriber for five shares, was written on its Stock Ledger by the company's secretary, and as he believes, though he has no distinct recollection on the subject, by the defendant's direction. This ledger is simply headed "Franklin Land and Loan Company of Baltimore City," and in one column are set out the names of the subscribers, in another the number of shares opposite each name, and in others the weekly payments of dues, interest and fines made by each. The name of the defendant, as a subscriber for five shares, seems to have been thus entered about the 16th of February, 1871. On

that day he made his first payment of $7.75, being five dollars for dues or the first instalment of one dollar per share on his stock, two dollars and a half for an entrance fee, and twenty-five cents for a small book then given him, in which were subsequently entered the weekly payments made on his five shares. This book contained also the printed by-laws of the company, one of which is to the effect that the capital stock of the company shall be $400,000, divided into one thousand shares of the par value of $400 each, payable in weekly instalments of one dollar per share until the whole is paid. It was customary to give a similar book to all subscribers, and the defendant having received his, he continued to pay, and had entered therein his weekly instalments on the five shares up to the 4th of June, 1874, making in all $927.65, and then stopped paying. During that time he also received and receipted for dividends on his stock, which the company declared each year.

Now in order to let in the Statute of Limitations it has been argued with much ingenuity by the appellant's counsel that this must be treated as a contract to pay for the stock in full within two years, as provided by the Act of 1868, ch. 471, sec. 59. The argument, briefly stated, is that this company was incorporated under this Act of 1868; that by sec. 59, of that Act it is required that the capital stock of every corporation shall all be paid in one-half in one year, and the other half in two years from and after its incorporation; that by sec. 50 of the same Act a corporation has authority to adopt such by-laws only as are not inconsistent with law; and as a by-law which authorizes, as in this case, the stock to be paid up after a longer period than two years is inconsistent with sec. 59, it is therefore void; that although in a suit by receivers representing creditors a subscriber will not be permitted to say such a subscription is void, still it must be held that sec. 59, formed part of the contract of sub-

scription, and the by-law being void, it must be treated and construed as a contract to pay within two years under this section ; and the conclusion which is irresistible from the premises, is that the receivers had the right to collect the entire balance when they demanded payment in October, 1875, and the defendant denied his liability, and as this suit was brought more than three years thereafter the claim is barred by limitations.   But it seems to us that the validity of the by-law has nothing to do with the question.   The facts above stated, place it beyond doubt that the contract *actually made* between the corporation and the defendant was that he should pay for his stock in weekly instalments of one dollar per share until the whole was paid, and it is entirely immaterial whether there was a by-law providing for such payment or not.   In other words if a corporation created under this Act receives subscriptions to its stock from one or all of its subscribers under *express contracts* with them, requiring payment only in weekly instalments, and thereby extending the time of payment beyond two years, such contracts are equally open to condemnation under sec. 59, whether made under or independent of any by-law to that effect. If such contracts are void, they must remain void.   They cannot be made valid by construing them to be such as this section authorizes when the parties themselves have expressly contracted to the contrary.   We are therefore brought at last to consider what is the effect and operation of this section?   And this question has been completely answered by our former decisions.   The section declares that " the capital stock so fixed and limited shall all be paid in, one-half thereof in one year, and the other half thereof in two years, from and after the incorporation of said company, *or such corporation shall be dissolved.*" In *Musgrave's Case* it was contended that no action would lie to enforce payment of the defendant's subscription because it was not made payable in two years, as prescribed

by this section, but we said: "This provision applies only to proceedings by the State for the dissolution of the corporation itself, and it is well settled that the cause of forfeiture cannot be taken advantage of collaterally or incidentally, or in any other mode than by a direct proceeding instituted for that purpose against the corporation. The State creating the corporation can alone institute such a proceeding, since it may waive a broken condition of a compact made with it." It is plain, therefore, from what was decided in that case, that the defendant in this cannot escape the obligation of his contract to pay, in weekly instalments, because by reason of that contract the time of payment is extended beyond the period of two years prescribed in this section, and it follows that the Court below was entirely right in rejecting his ninth and twelfth prayers.

In *Musgrave's Case* it was decided that the instructions granted at the instance of the plaintiffs *properly left* the question of the allowance of interest on the several weekly instalments from the times they respectively fell due, to the *discretion of the jury*. In the present case, by the granting of the plaintiffs' prayers, the jury were instructed to allow such interest as matter of *absolute right*. Upon further argument of this question, (which has been allowed,) we adhere to the views expressed in the former case. In Maryland the leading case on this subject is *Newson vs. Douglass*, 7 *H. & J.*, 417, in which it was held that while there are cases in which interest is recoverable as of right, such as bonds, contracts in writing to pay money on a day certain, such as bills of exchange or promissory notes, or contracts for the payment of interest, or where the money claimed has actually been used, yet with such exceptions it has long been the settled practice of the Courts of this State to refer the question of interest entirely to the jury, who may allow it or not in the shape of damages, according to the equity and justice appearing

Frank *vs.* Morrison, *et al.*, Receivers.

between the parties on a consideration of all the circumstances of the particular case as disclosed at the trial. And in the recent case of *The Baltimore City Pass. R. R. Co. vs. Sewell*, 37 *Md.*, 443, the same doctrine was re-affirmed. In our judgment, a subscription for stock in a corporation, to be paid for in instalments, is not such a contract as falls within the class of those on which interest is recoverable as of right.

For this error in the plaintiffs' prayers, it is conceded the judgment must be reversed and a new trial awarded, unless this Court has power to modify the judgment as the appellees' counsel have suggested. In their brief they offer to remit the amount of interest allowed by the jury, and ask that the judgment be modified accordingly. But, in our opinion, no power has been conferred upon the Appellate Court to make the proposed modification. The judgment in the Court below upon the verdict is entirely correct, and the case does not fall under sec. 14 of Art. 5, or secs. 39 and 40 of Art. 29 of the Code.

*Judgment reversed, and*
*new trial awarded.*