LOUIS N. FRANK vs. R. D. MORRISON, et al., Receivers of THE FRANKLIN LAND AND LOAN COMPANY.

*Action by Receivers of a Corporation against a Subscriber to, and Member of, the Corporation, for Non-payment of his Subscription to the stock—Admissibility of By-laws of the Corporation in Evidence, and of the Decree appointing the Receivers and authorizing them to sue—Right of receivers to Sue in their Own names—Variance.*

In an action by the receivers of an incorporated company against a subscriber, to recover his subscription to the stock of the company, the plaintiffs offered the book of by-laws of the company in evidence. The book had been issued to the defendant by the secretary of the company, and had been in his possession ever since it was so issued. It contained the number of shares issued to him, and the entries of the payments made by him to the company, and had been produced by him at the request of the plaintiffs, and was offered in connection with the evidence of a witness, who proved, that the by-laws contained in it were the only by-laws the company ever had; that the company acted under said by-laws, and its business had been transacted in accordance with their provisions. The defendant was a member of the company. On objection, it was HELD:

That the book of by-laws offered in evidence was admissible.

The plaintiffs also offered in evidence the decree in an equity case, appointing them receivers to wind up the affairs of the company, and directing them among other things to make all collections of outstanding indebtedness to the corporation, and to institute all such proceedings at law and in equity, as might be necessary for the purpose of enforcing its rights. This decree had been passed with the consent of all the parties to the suit. On objection, it was HELD:

1st. That the decree was clearly admissible to prove the due appointment of the plaintiffs as receivers, and their authority to institute and conduct the suit.

2nd. That the receivers had the right to sue in their own names.

The declaration alleged that the defendant "subscribed for, and agreed to take, five shares of the stock of the said F. L. and L. Co. of B. city, and to pay four hundred dollars therefor in weekly instalments of one dollar per share in each and every week," &c. The contract offered in evidence was, "that defendant agreed to take five shares of stock and pay therefor four hundred dollars per share, and pay therefor in weekly instalments," &c. HELD:

That the *non-payment of the instalments,* &c., was the gravamen of the complaint, and there was no substantial variance between the *narr.* and the contract.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*First Exception.*—The plaintiffs offered in evidence the book containing what purported to be the by-laws of the company, and the entry of the payments made by Frank to said company, and the number of shares of stock held by him, which was produced by the defendant at the request of the plaintiffs, and which had been in his possession since its issue to him by the secretary of the corporation.

The defendant objected to the admissibility of the by-laws, as they set forth a contract different from that declared on in the declaration, but the Court (GAREY, J.,) overruled the objection, and declared the said by-laws admissible. The defendant excepted.

*Second Exception.*—Before the said by-laws or any part thereof had been admitted or read in evidence the defendant objected to the admissibility in evidence of Art. III, of said by-laws contained in said book, and prayed that the same should be excluded, but the Court overruled the objection of the defendant and refused to exclude the said Article III, and allowed the same to be read in evidence. The defendant excepted.

Frank *vs.* Morrison, *et al.*

*Third Exception.*—The plaintiffs then offered in evidence the following decree:

Citizens National Bank of
  Baltimore
  *vs.*
Chesapeake Mutual Loan
  and Building Association
  of Baltimore City, et al.

In the Circuit Court of Baltimore City.

(November Term, 1874.)

By and with the consent of all parties it is, this first day of December, 1874, adjudged, ordered and decreed, that Robert D. Morrison, George J. Appold, Samuel Snowden and Joseph Friedenwald be, and they are hereby appointed receivers, with the power and authority to wind up the affairs of the said "Franklin Land and Loan Company," of Baltimore City, in order to make an equitable distribution of the assets of said company amongst its creditors and shareholders.

And it is further ordered, that the said receivers give notice to all persons having claims against the said "Franklin Land and Loan Company," of Baltimore City, to file their claims, properly authenticated, with the Clerk of this Court on or before the sixth day of February, 1875, in two daily newspapers in the City of Baltimore, once a week, for three successive weeks, before the second day of January next.

And it is further ordered, that Robert D. Morrison, Esquire, and George J. Appold, Esquire, the temporary receivers, shall yield up and deliver to the said receivers all the books, papers, property, assets and effects, of the said corporation defendant, in their possession, on being reimbursed and indemnified for all the moneys expended, and pecuniary responsibilities incurred by them as such receivers.

And it is further ordered, that the said receivers shall, (subject to the order of this Court,) have the power to sell

the property of said corporation defendant, and make all collections of outstanding indebtedness, and shall have the power to institute all such proceedings at law and in equity, as may be necessary for the purpose of enforcing the rights of said defendant corporation, subject to the direction of this Court.

And it is further ordered, that before the said Robert D. Morrison, George J. Appold, Samuel Snowden, and Joseph Friedenwald proceed to act as receivers by virtue of this decree, they shall each give bond to the State of Maryland in the penalty of one hundred thousand dollars, with surety or sureties to be approved by this Court, and conditioned for the faithful performance of the trust reposed in him by this decree, or which may be reposed in him by any future decree or order in the premises.

CAMPBELL W. PINKNEY.

To the admissibility of this decree the defendant objected, but the Court overruled the objection and allowed the same to be read in evidence. The defendant excepted.

*Fourth Exception.*—The plaintiff offered the three following prayers:

1. If the Court believe from the evidence that the plaintiffs are the Receivers of the Franklin Land and Loan Company, of Baltimore City, and that said corporation was incorporated as shown by the certificate of incorporation, offered in evidence in this case, and shall also find that on or about the 16th day of February, 1871, the said corporation was organized, and proceeded to transact the business authorized by its certificate of incorporation, purchased property, and incurred debts and liabilities, that from the time of its organization, said corporation or its directors acted under the by-laws offered in evidence by the plaintiffs, and contained in the book produced by the defendant, at the instance of the plaintiffs, and transacted and conducted its business thereunder, and that the said

corporation never had any other by-laws than those contained in said book, being printed by-laws of said corporation; and if the Court further find that it is provided by the said by-laws, that each member of said corporation should pay an entrance fee of fifty cents on each share of stock he should subscribe for, and also an instalment of one dollar on each share of said stock so subscribed for on such day as appointed by the by-laws, and that the day of meeting at which said instalments were payable was fixed by said by-laws on Thursday evening in each week, and that on or about the 16th day of February, 1871, Francis Horn was the secretary of said corporation, and that acting as such secretary, and in the transaction of the business of said corporation, he did on or about the same time, enter the name of the defendant upon the stock ledger of the said corporation; is the holder of five shares of its stock; and that the said defendant, either in person or by his agent, paid the entrance fee of fifty cents on each of said shares, and also an instalment of one dollar on each of said shares; that on or about the time of such entry, a book containing the said printed by-laws, and also the number of shares so entered by said Horn was delivered to said defendant, and the said defendant, either in person or by agent, continued to pay the sum of one dollar on each of said shares for each and every week, up to the 4th of June, 1874, and that the par value of said shares of stock, as fixed by the certificate of incorporation, is four hundred dollars for each share; and if they shall further find, that for several years the said defendant received dividends from said corporation on the said five shares of stock, and that he signed in his proper hand-writing, a receipt in the dividend book of said corporation, for the dividend so paid to him for the years 1872, 1873 and 1874, and that on the same line with the defendant's name, was entered the number of shares of stock, of which he was entered as the holder in

the stock ledger of said corporation; and shall further find that the payments made by the said defendant, for the instalments on said five shares of stock, were regularly entered by the said corporation to the credit of the defendant, as they were made by him or his agent, in the book so furnished by the said corporation to the defendant, up to the fourth day of June, 1874, then the plaintiffs are entitled to receive the weekly instalments of one dollar on each of said five shares of stock, for each and every week, from the first day of April, 1876, to the time of the institution of this suit, with interest, in the discretion of the Court.

2. If the Court shall find from the evidence, that the plaintiffs are the Receivers of the Franklin Land and Loan Company, of Baltimore City, and that said association was incorporated, as shown by the certificate of incorporation offered in evidence in this case, and shall also find that on or about the 16th day of February, 1871, the said corporation was organized, and proceeded to transact the business authorized by its certificate of incorporation, purchased property, and incurred debts and liabilities; and shall further find that on or about the said 16th day of February, 1871, Francis Horn, was the secretary of said corporation, and that acting as such secretary in the transaction of the business of said corporation, he did, on or about the 16th day of February, 1871, enter the name of the defendant upon the stock-ledger of said corporation as the holder of five shares of its stock, and that the defendant, either in person or by his agent, paid an entrance fee of fifty cents on each share, and also an instalment of one dollar on each share, as required by the twelfth by-law, contained in a printed book of the by-laws of said corporation, and that at or about the time of such entry by the secretary, and payment of entrance fee by the defendant, or his agent, the defendant received from said secretary, one of said books containing printed by-laws,

Frank *vs.* Morrison, *et al.*

purporting to be the by-laws of said corporation, and also a receipt for the money so paid by him, and that he continued to pay the sum of one dollar on each of said shares for each and every week, up to the 4th day of June, 1874, and that the par value of said shares of stock, as fixed by the certificate of incorporation is four hundred dollars for each; and if the Court further finds, that the said defendant received dividends upon the amount paid in by him on said five shares of stock, and that he signed in his proper hand-writing, a receipt on the dividend books of said corporation for the dividend so paid to him for the years 1873 and 1874, and that on the said dividend book, on the same line with the defendant's name, was entered the number of shares which he was entered as the holder of, on the stock-ledger of said corporation, then the said defendant is estopped from denying that the by-laws in said printed book so offered in evidence by the plaintiffs, and produced by the defendant at their instance, are not the by-laws of said corporation, and were never adopted by it; and he is also estopped from denying that he took the said five shares of said corporation; and if the Court shall further find, that it is provided by the by-laws contained in said printed book, that each member of said corporation should pay an entrance fee of fifty cents per share, and an instalment of one dollar on each share subscribed for, on such day as appointed by said by-laws, until there should be the sum of four hundred dollars to his credit for each share, and that the day of the meeting at which the said instalments were payable, was fixed by the by-laws, on Thursday of each week, and that on the 4th day of June, 1874, there was not to credit of the defendant, the sum of four hundred dollars for each of said shares, then the said plaintiffs are entitled to recover the weekly instalment of one dollar on each of said five shares, for each and every week from the 1st day of April, 1876, to the time of the institu-

tion of this suit, with interest, in the discretion of the Court.

3. If the Court shall find from the evidence, that the plaintiffs are the Receivers of the Franklin Land and Loan Company, of Baltimore City; and shall further find that the said company was incorporated, as shown by the certificate of incorporation offered in evidence in this case; and shall also find that on or about the 16th day of February, 1871, the said corporation was organized, and proceeded to transact business authorized by its certificate of incorporation, purchased property, and incurred debts and liabilities; and if the Court shall further find that on or about the same time the defendant agreed to take five shares of the stock of the said Franklin Land and Loan Company, of Baltimore City, and that he paid to said company, either in person or by his agent, an entrance fee of fifty cents per share on each of said shares of stock, and also an instalment of one dollar on each share, on or about the time of taking the same, and that on or about the same time he or his agent received from said company, a book containing by-laws, purporting to be the by-laws of said company, and also a receipt for the instalment and entrance fee so paid, written on the same line with the number of shares so taken by him, and also that the said Francis Horn was, on or about the same time, the secretary of said association, and that acting as such secretary in the transaction of the business of said company, he entered the name of the said defendant on the stock-ledger of said company, as the holder of five shares of its stock, and that the said defendant continued for more than three years thereafter, to pay the weekly instalments of one dollar on said five shares of stock, either in person or by agent, at the rooms of said association, and retained the said book, or one containing said by-laws, shares and entries of credits given him by said corporation, in his possession or in the possession of his agent during the

Frank *vs.* Morrison, *et al.*

whole time, he or his agent paying the weekly instalment upon five shares of stock, and that he received dividends upon the amount paid in by him on said five shares of stock, and receipted in his own proper hand-writing for the dividend paid to him in 1872, 1873 and 1874, then the said defendant became, and was a member and stockholder in said corporation, and is now estopped from saying that the by-laws contained in the book offered in evidence by the plaintiffs, and produced by the defendant, are not the by-laws of said corporation, and he is bound by the by-laws in the same manner as if they had been regularly adopted by the stockholders of the said corporation, even if the jury believe they had never been adopted, and the said plaintiffs are entitled to recover the weekly instalments upon said five shares of stock, from the first day of April, 1876, with interest, in the discretion of the Court.

And the defendant offered the six following prayers:

1. That there is no evidence in this cause on which the plaintiffs are entitled to recover, under the first, second, third and fourth counts of the declaration.

2. That the plaintiffs have offered no sufficient evidence to show that they are entitled to prosecute the suit in their names, as Receivers of the Franklin Land and Loan Company, of Baltimore City, and the verdict must be for the defendant.

3. That the proceedings on which the decree, appointing the receivers was passed, were not instituted to wind up the affairs of, and dissolve, the corporation, and that therefore, the plaintiffs are not entitled to recover.

4. That the bill in the case of the *Citizens National Bank of Baltimore vs. The Franklin Land and Loan Company, of Baltimore City*, the record of which was offered in evidence, was not filed to have the said corporation dissolved, and that the said corporation has never been determined by legal proceedings to be insolvent, and the plain-

tiffs can therefore not maintain this suit, and the verdict must be for the defendant.

5. That the decree passed in the cause of the *Citizens National Bank of Baltimore vs. The Franklin Land and Loan Company,* of Baltimore City, offered in evidence, was without authority in law, and the plaintiffs are not entitled to maintain this suit.

6. That there is no evidence in this cause, of a contract of a subscription as set forth in the fifth count of the declaration, and that under the pleadings the verdict must be for the defendant.

The Court granted the prayers of the plaintiffs, and refused those of the defendant, except the first, which it granted.

The defendant excepted, and, the verdict and judgment being against him, he appealed.

The cause was argued before STONE, GRASON, MILLER, ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*M. R. Walter,* for the appellant.

The plaintiffs offered no sufficient evidence to show that they were entitled to prosecute this suit in their names, as receivers. The appointment of a receiver determines no right, nor does it affect the title of property in any way. *Ellicott vs. U. S. Ins. Co.,* 7 *Gill,* 307, 320; *Ellicott vs. Warfield,* 4 *Md.,* 85; *Farmers' Bank vs. Beaston, Garn.,* 7 *G. & J.,* 428.

Actions by receivers must be brought in the name of the party in whom the legal right or title to the property to be recovered is vested. *King vs. Cutts,* 24 *Wisc.,* 627; *Yeager vs. Wallace,* 44 *Pa. St.,* 294; *Newell vs. Fisher,* 24 *Miss.,* 392; *Battle vs. Davis,* 66 *N. C.,* 252; *Ingersoll vs. Cooper,* 5 *Blackford,* (*Ind.*) 426.

The legal title to the cause of action in this case is in the Land Company and not in the receivers.

The appellees cannot avail themselves of the provision of sec. 195 of Art. 26, (Maryland Code, supplement 1868,) for that section applies only to appointments of receivers under the Act. The only appointment of receivers contemplated by the Code is upon a bill filed for the dissolution of the corporation. Secs. 185 to 197 inclusive, all relate to proceedings instituted for the dissolution of corporations. The bill of complaint in this cause, in which the appellees were appointed, was filed for no such purpose. Sec. 190 provides that the receivers "shall be vested with all the estate and assets of every kind belonging to such corporation . . . and they shall proceed to wind up the affairs of *such* corporation." The power "to wind up" clearly demonstrates that the Code contemplates only proceedings for dissolution.

The case of *Hayes vs. Brotzman*, 46 *Md.*, 524, is not an authority here. That case was decided upon the "decree" alone. The bill of complaint and the other proceedings were not in evidence. The decree provided that the corporation should be wound up, &c., and this Court assumed, in the absence of any proof to the contrary, that the appointment of the receivers was under the provision of Art. 26, *upon a proper bill filed for a dissolution.*

In the present case the entire equity proceedings are produced, and they show that the bill was not filed under the Act of Assembly. The second prayer of the appellant should therefore have been granted.

The Circuit Court of Baltimore City has no jurisdiction over corporations for the purpose of dissolving, independently of the statute, and the bill of complaint did not present a case under the statute. Equity has no such jurisdiction in the absence of express statutory authority. *High on Receivers, secs.* 287, 289. And where the statute gives the right, the statute is strictly construed. *High on Receivers, secs.* 287, 289.

Sec. 185, of Art. 26, (*Maryland Code, Supplement* 1868,) provides that "whenever any corporation in this State shall have been determined by legal proceedings to be insolvent, . . . it may be adjudged to be dissolved after a hearing according to the practice of Courts of equity in this State, upon a bill filed FOR THAT PURPOSE by any creditor," &c. The Article contains no other provision for dissolution upon the application of a creditor. In order to have given the Circuit Court jurisdiction under that Section, it was absolutely necessary that the determination of *insolvency by legal proceedings* should have been alleged in the bill of complaint. *Banks vs. McIntosh,* 23 *Barb.*, 591.

The bill of complaint in the Citizens National Bank case contained no such allegation, and the averments of the bill show that there had been no such determination.

The appellant's third and fourth prayers should therefore have been granted.

The decree appointing the receivers was without authority in law.

Because the bill of complaint did not give the Court jurisdiction.

Because the decree recites that it was passed, "*by and with the consent of all parties.*" The record contains no other proof of consent. The parties to the cause, besides the complainant, were the corporation and the purchasers of certain property sold by the corporation.

The decree was passed not by the determination of the Circuit Court that the complainant was under the allegations of its bill entitled to any relief, but by virtue of and with the consent of the corporation. A corporation can be dissolved in equity, only in the mode prescribed by statute. There is but one way provided by Article 26 for a dissolution by the consent of the corporation, and that is in accordance with secs. 186, 187, &c., and these sections require the bill to be filed "*in the name of said corporation and on its behalf.*"

The decree was therefore a nullity and the appellant's fifth prayer should have been granted; and his objection to the admission of the decree in evidence, sustained.

The fifth count sets forth a contract "to take five shares of the stock of the Franklin Land and Loan Company of Baltimore City, and *to pay* $400 *therefor* in weekly instalments of $1.00 per share, in each and every week until the full payment therefor." The by-law offered in evidence was to pay $400 for each share. The by-law was inadmissible under the state of the pleadings, and the appellant's objection thereto should have been sustained.

*Samuel Snowden,* for the appellees.

The prayers of the plaintiff were properly granted—they being identical with the prayers heretofore approved by this Court in the cases heretofore decided, upon the same state of facts. *Dorsey vs. Morrison, et al.,* 48 *Md.,* 461; *Musgrave vs. Morrison, et al.,* 54 *Md.,* 161; *Rider vs. Morrison, et al.,* 54 *Md.,* 429; *Frank vs. Morrison, et al.,* 55 *Md.,* 299.

The appellant was a member of the corporation. The book containing its by-laws was in his possession, and also the receipts for the payment of the instalments, and the same was therefore properly admitted in evidence, as was also the third article of said by-laws. The same question was in fact involved in the former appeal in this case under the sixth prayer, but the action of the Court below was sustained by this Court. The two exceptions seem to be taken, and the prayer offered, upon the ground that there is a variance between the by-law as offered and the contract set out in the declaration.

There is no substantial variance between the count in the declaration and the by-law offered in evidence. The omission of the words "*for each share*" in the first part of the count, is not material, as in the allegation of the default, it is alleged that the instalments are due on *each*

*of said* shares. So that taking the first part of the count in connection with the allegation of the failure to pay, it can only mean that he had contracted to pay $400 for each share, and had failed to . pay the weekly instalments of one dollar for "*each share.*" The latter part in fact states what constituted the ground or gravamen of the action, and also the consideration for the defendant's promise, which is all that is required by the rules of pleading, and the case comes clearly within the decisions of this Court. *Borden Mining Co. vs. Barry,* 17 *Md.,* 419, 430.

The appellees were appointed receivers of the assets, &c., of the corporation, by a Court of competent jurisdiction; and all the proof necessary, in order to enable them to maintain a suit, was a decree of the Court appointing them such receivers; and being thus appointed they were entitled, under the statute, to bring suits in their own names as such receivers, without any special order of the Court authorizing them. *Act of* 1868, *ch.* 471, *sec.* 195; *Hayes vs. Brotzman,* 46 *Md.,* 519.

There was, however, a special· order authorizing the bringing of this suit against a stockholder.

Clearly, for the purpose of proving their appointment, the certified copy of the decree appointing them was admissible.

The winding up and distributing the assets of corporations when they become insolvent, at the instance of a creditor, is a jurisdiction that has been exercised by Courts of equity from the earliest times, and has long since become a settled head of that jurisdiction. The exercise of such jurisdiction has been frequent in this State. *Hall vs. U. S. Ins. Co.,* 5 *Gill,* 484, 497; *Ellicott vs. Same,* 7 *Gill,* 307.

The power to wind up a corporation and distribute its assets is very distinct from the power to dissolve the corporation. The latter cannot be done by a Court of equity except under the authority of the statute. *Angell &*

*Ames on Corporations, sec.* 774. But the passing of the Act authorizing a dissolution does not take away the jurisdiction exercised by the Court before the passing of the statute. It having been decided that a corporation may convey away all its assets for the benefit of its creditors, and yet continue its existence, no reason can be given why a Court of equity may not wind it up and distribute its assets without dissolving it. *State vs. Bank of Md.,* 6 *G. & J.,* 206.

The bill under which the appellees were appointed shows upon its face a case within the jurisdiction of the Court. It alleges that the complainant is a creditor of the corporation to a large amount; that sales were being made of the property of the corporation upon terms injurious to the creditors; that it was hopelessly insolvent, &c. These assets, which were trust property for the payment of the debts of the corporation, were being wasted, and the Court therefore, having the jurisdiction arising from the trust nature of the property, had the power to apply that property to the payment of the *cestuis que trust* who were the creditors and stockholders of the corporation; and the doing so was but the exercise of the ordinary jurisdiction of the Court, which was not interfered with by the statute conferring another power not before possessed by the Court. *Cockey vs. Cole,* 28 *Md.,* 276; *Wright vs. Freeman,* 5 *H. & J.,* 467.

When the Court has jurisdiction it can only be taken away by express terms. *Tomlinson vs. Dunn,* 1 *Gill,* 345.

It thus appearing from the record that the subject-matter of the bill was within the jurisdiction of the Court of equity, the Court below, in a collateral proceeding, could not inquire into the mode and manner of the exercise of that jurisdiction, but was bound by the decree appointing the receivers and directing a winding up of the affairs of the corporation. *Raborg vs. Hammond,* 2 *H. & G.,* 42, 49; *Ellicott vs. U. S. Ins. Co.,* 7 *Gill,* 307.

GRASON, J., delivered the opinion of the Court.

This suit was instituted to recover from the appellant the money due for instalments on five shares of stock of the Franklin Land and Loan Company, for which he had subscribed. The declaration contains five counts, the first four being common counts, and the fifth being a special count on the contract, and it alleges that the defendant, prior to the first day of April, 1876, subscribed for, and agreed to take five shares of the stock of the Franklin Land and Loan Company, of Baltimore City, and to pay four hundred dollars therefor, in weekly instalments of one dollar per share, in each and every week, till the full payment therefor, and that the said defendant has failed to pay the weekly instalments of one dollar on each of said shares, for more than one hundred and fifty weeks past, and although demanded, he has not paid the same and the plaintiffs claim eight hundred and fifty dollars. To this declaration five pleas were filed, and the cause was tried by the Court, without a jury, and four exceptions were taken, three to the admission of evidence, to the admissibility of which objection had been made, and the fourth to the granting of the plaintiffs' three prayers, and to the rejection of the defendant's last five prayers, his first having been granted.

The first and second exceptions were taken to the admission of the book of by-laws of the Franklin Land and Loan Company, and Article 3 of said by-laws in evidence. This book had been issued to the appellant by the secretary of the Franklin Land and Loan Company, and had been in his possession ever since it was so issued, and it contained the number of shares issued to him, and the entries of the payments made by him to the Company, and it had been produced by him at the request of the appellees, and it was offered in connection with the evidence of Charles G. Wilson, who proved that the by-laws contained in it were the only by-laws the

company ever had; that the company acted under said by-laws, and its business had been transacted in accordance with their provisions. In addition to this proof, the appellant was a member of the company, and we cannot perceive any objection whatever to the admissibility of the evidence.

The third exception was taken to the admission in evidence of the decree of the Circuit Court of Baltimore City, appointing the appellees receivers to wind up the affairs of the Franklin Land and Loan Company, and directing them, among other things, to make all collections of outstanding indebtedness to the corporation, and to institute all such proceedings at law and in equity, as might be necessary for the purpose of enforcing its rights. This decree had been passed with the consent of all the parties to the suit, and was clearly admissible to prove the due appointment of the appellees as receivers, and their authority to institute and conduct this suit. The appellant then offered in evidence the entire record of said equity proceeding.

What we have said in disposing of the third exception applies to the appellant's fifth prayer, which asked an instruction that the decree, offered in evidence, was without authority in law, and the plaintiffs were not entitled to recover in this action. The Circuit Court of Baltimore City had jurisdiction of the matter in controversy, and of the parties, and its decree was passed with the consent of all the parties to the proceeding, and is perfectly valid and binding upon them. The fifth prayer was therefore properly rejected.

The second, third and fourth prayers, are based upon the theory that the appellees are not entitled to bring and maintain this suit in their own names, and the second and third assign as a reason why they cannot, that the bill in the equity suit was not filed for the purpose of winding up the affairs of the corporation and dissolving the same. It is true that there are authorities which

assert that receivers are mere stakeholders, who merely hold the property for the time being, for the benefit of those who may be entitled thereto; that the title to the property is not in them, and that all suits brought by them must be instituted in the name of the parties who are entitled to the property. But in this State this question has never been raised or decided in any case until 1877, when it was raised in the case of *Hayes, Receiver, vs. Brotzman*, 46 *Md.*, 521. In that case, as in this, the bill was filed to wind up the affairs of the corporation through the hands of a receiver, and it was objected that the receiver could not sue in his own name, and this Court said: "As the cause of action in this case arose before the appointment of the receiver, it is necessary, in order to maintain the action, *in his own name*, that it should be made to appear he has had conferred upon him the power and authority to sue." In that case, as in this, the decree authorized the receiver to prosecute suits at law and in equity, and it was held that this was sufficient authority for him to sue in his own name. In the case now before us the receivers have had conferred upon them express authority to sue, as appears in the record of this case when before this Court at October term, 1880, 55 *Md.*, 399. It was then held by this Court that the receiver could sue in his own name independently of the Act of 1868, ch. 471, secs. 185 to 195. And such has been the uniform practice in this State, without the right to sue having been questioned until the case of *Hayes vs. Brotzman*, 46 *Md.*, 524, 525. See *Dorsey's Case*, 48 *Md.*, 461; *Musgrave's Case*, 54 *Md.*, 161; *Rider's Case*, 54 *Md.*, 429; *Frank's Case*, when before this Court before, 55 *Md.*, 399. The second, third and fourth prayers were, therefore, properly refused.

The sixth prayer asked an instruction that there was no evidence in the cause of a contract of a subscription as set forth in the fifth count of the declaration, and that

under the pleadings, the verdict must be for the defendant. The declaration alleges that the appellant "subscribed for and agreed to take five shares of the stock of the said Franklin Land and Loan Company, of Baltimore City, and to pay four hundred dollars therefor, in weekly instalments of one dollar per share, in each and every week," &c., when the contract offered in evidence is that the defendant agreed to take five shares of stock, and pay therefor four hundred dollars *per share*, and pay therefor in weekly instalments, &c. The contract provided that the appellant should pay instalments weekly on each of said shares, and the *non-payment of the instalments, &c.* was the gravamen of the complaint, and we are of opinion that there was no substantial variance between the fifth count of the *narr.*, and the contract. See *Borden Mining Co. vs. Barry*, 17 *Md.*, 419. In that case this Court said, quoting the language of Chief Justice MARSHALL, in *Sheeby vs. Mandeville*, 7 *Cranch*, 217, "Courts being established for the purpose of administering real justice to individuals, will feel much reluctance at the necessity of deciding a cause on a slip in pleading, or on the inadvertence of counsel. They can permit a cause to go off on such point, only when some rule of law, the observance of which is deemed essential to the general administration of justice, peremptorily requires it." The Court then says, with reference to the case before it, that the variance was not fatal nor even material; that the rate of freight to be paid need not have been set out in the *narr.* as the suit was not brought to recover freight earned, but damages on account of the failure of the defendant to load and unload the plaintiff's boats. So in this suit, the price to be paid for the shares of stock was not sought to be recovered; but only weekly instalments for dues and interest and fines, until the company should have money enough in the treasury to pay every shareholder four hundred dollars for *each share* he held of the company's stock. The failure to pay such

instalments and fines, being the gravamen of the complaint from which this suit arises. The sixth prayer was, therefore, also properly refused.

The three prayers offered by the appellees, and granted by the Court, are almost exact copies of prayers in other cases, which have heretofore been before and received the sanction of this Court. See *Dorsey's Case,* 48 *Md.,* 461; *Musgrave's Case,* 54 *Md.,* 161; *Reeder's Case,* 54 *Md.,* 429, and *Frank's Case,* 55 *Md.,* 399. These prayers stated correctly the law of the case and were properly granted.

Finding no error in the rulings of the Court below, the judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided 11th July, 1882.)