# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 4th, 1897.

ELLA L. CASTLEMAN
VS.
THOMAS A. BRYAN, ET AL.

*Pollard & Bagby* for plaintiff.

*Thomas Ireland Elliott* and *H. H. Rouzer* for defendants.

STOCKBRIDGE, J.—

This suit is brought by Ella L. Castleman as a creditor of the Salem Real Estate and Investment Company, to recover the indebtedness due her by the company from one of the subscribers to the capital stock, who it is averred has not fully paid in the amount of his subscription to such capital stock; and from the executors and legatee for life of another alleged subscriber the balance due upon the subscription of their decedent to the same stock. The defences interposed by the different defendants are distinct, and will therefore have to be considered separately. Certain of these defences have previously been urged upon the Court when the case was heard upon a demurrer to the bill, and ruled upon at that time, but since they have been again renewed as matters of defense, it is proper to more than summarily dispose of them.

First of all is the ground that the plaintiff has an adequate remedy at law or that the question of accounting prayed for in the bill is a matter which the defendants are entitled to have passed upon by a jury, and therefore this Court is without jurisdiction. This is a bill to enforce the claim of a creditor of a corporation against a stockholder of the corporation to the extent of his unpaid subscription to the capital stock, and it is probably true that an action at law might have been maintained therefor, but at the same time "it is well settled, that a creditor may proceed in equity upon an established or admitted claim against a stockholder or stockholders to enforce his or their liability to an insolvent corporation for the amount remaining due upon his or their subscription to the stock, although no account is asked to be taken of the other indebtedness of the Company."

Crawford vs. Rohrer, 59 Md. 605.

The facts in this case are that the Salem Real Estate and Investment Company, a corporation under the laws of the State of Virginia, has been adjudged to be insolvent by a Court of competent jurisdiction in that State, and the claim of the present plaintiff has been established as against the corporation by the decree of a Court of Virginia. The claim is therefore established and the insolvency of the corporation is established, and nothing more is required to bring the case within the rule cited above giving jurisdiction to a Court of Equity.

A second ground of defence that is urged to the action is that the suit should have been brought by the receiver of the insolvent corporation appointed by the Virginia Court, and that the present plaintiff has no standing to prosecute this suit. This point was also disposed of on the demurrer. "The powers and functions of a receiver for the purposes of litigation are limited to the Courts of the State within which he was appointed, and he has no extra territorial jurisdiction or power to institute suits in another State for the recovery of property due the person or estate subject to the receivership."

Bartlett, etc., Gar., vs. Wilbur, 53 Md. 494.

Lycoming Fire Ins. Co. vs. Langley, 62 Md. 202.

Day. vs. Postal Tel. Co., 66 Md. 360.

Booth vs. Clark, 17 How. 322.

Holmes vs. Sherwood, 16 Fed. Rep. 727.

These authorities would seem to dispose of the subject, but it is urged that the Virginia Court might have required the corporation to have made an assign-

ment of all its rights and choses-in-action to a trustee who would thus be clothed with the power to come into this State as assignee, and recover the unpaid balance of subscriptions to the capital stock of the company due by citizens of this State. It is, of course, true that this might have been done, but there is no pretense or suggestion that it was done, or that it was ever attempted, and the fact that it might have been done, cannot preclude a creditor of the corporation from exercising his rights to enforce the payment of his claim by delinquent stockholders. A payment to such a trustee would have been a good and valid discharge of the liability, but when no such payment has been made, the plea that it might have been done cannot be availed of by a delinquent stockholder as against a creditor of the corporation. As has been said the receiver could not have instituted the suit, but the creditor who has, has endeavored to bring the receiver in as a party by publication, and the receiver has voluntarily appeared and answered, but as he could not have come in as a plaintiff and claimed relief in this Court, neither can the same relief be awarded him by making him a defendant, which he could not himself ask as a plaintiff. The receiver was therefore an unnecessary party and the suit will be dismissed as to him. An earnest argument has been made on the authority of Hurd vs. City of Elizabeth, 41 N. J. L. I., and several other cases, to draw a distinction in the principle before stated as to the restriction of a receiver's powers within the State of his appointment, along the line of whether there were or were not creditors of the insolvent corporation domiciled in the foreign State where there were assets or choses in action belonging to the company so placed in the receiver's hands, and the cases cited do certainly tend to place this qualification upon the general principle, but in no one of the numerous cases cited in our own State has such a lien ever been drawn; on the contrary, our Court of Appeals has used the strongest and most positive language in adopting the broad general doctrine without any reservation or limitation, and it is the duty of this Court to follow unhesitatingly the adjudication in our own State.

Another ground of defense presented is, that the corporation itself is a neces-sary party, and that being a non-resident corporation, it can not be made a party to this suit, that an attempt to do by publication must necessarily prove abortive. This was also disposed of on the demurrer. Suffice it to say at the present time that any such defence would be blowing hot and cold at the same time which could not be permitted, but independent of that, the corporation is not a necessary party. The only purpose which could be served by having it a party, would be for the establishment of the plaintiff's claim against it, and that has already been done; but even if it were a necessary party, while it would not be possible by publication to so make it a party, that an execution could issue on any decree that might be passed against it to a foreign jurisdiction, the Code amply provides for the making of it a party by this means so as to bind any property that there may be, belonging to it in this State. But deeming the corporation an unnecessary party the bill will be dismissed as to it.

With respect to the defendant, Bryan, the case then stands as follows: He was a subscriber to the stock of the Salem Real Estate and Investment Company, as is proved by the original subscription paper. The indebtedness of the corporation to the plaintiff is established by the decree of the Court of Virginia: the call of the unpaid balance of the subscriptions to the capital stock of the company is also established by the decree of the Virginia Court, but while that decree also embodies a finding of that Court as to the amounts due from the several subscribers to the capital stock, yet inasmuch as it does not appear that the defendant, Bryan, ever had any notice of the decree, or of the proceeding, other than such as was to have been implied upon the principal of representation in a proceeding against a corporation of which he was a stockholder, the same can not be in this State a decree in personam against him for the amount therein named or any specified sum. but this case will have to be referred to an auditor with authority to take testimony that there may be established in this proceeding what amount, if any, still remains due from the said Thomas A. Bryan to the Salem Real Estate and Investment Company upon the stock of the said Company by him subscribed for, or transferred to and

accepted by him, with interest thereon from the time of the demand or notice of the requirement to pay the final assessment as called for by the Circuit Court for Roanoke County.

As to the defendants; the executors of James A. Templeman, the bill must be dismissed. The original bill in this case was filed on April 9, 1896. On February 17, 1896, nearly two months prior thereto, these executors had passed their account in the Orphans' Court of this city, fully distributing the estate in their hands. This account was passed in due course of administration, after the expiration of the time named in the order of that Court for creditors to file claims, and without any notice whatever of any claim upon the part of Miss Castleman. It is true that a claim of A. B. Pugh as receiver of the corporation had been brought to their notice, but that was a claim by one who could not enforce the claim in this State, a claim founded on the decree of the Virginia Court; the present is a claim by an entirely different party, arising out of her position as a creditor of the corporation, and of this Mr. Templeman's executors never had legal notice. They are therefore entitled to have the bill dismissed as to them.

With respect to the claim against Ella B. Templeman, legatee, the case is more difficult, not as to the law, for it is too well settled to need any citation of authorities that a creditor can follow the estate of a deceased debtor into the hands of the legatee, but as to whether it is sufficiently established that James A. Templeman ever in fact subscribed to the stock of the Salem Company. He did not so subscribe in his own handwriting, neither was he ever present at any meeting of the stockholders or board of directors, nor is there any evidence that he ever signed an authority to anyone to represent him at any such meeting. The sole evidence upon which it is sought to fasten this liability upon his estate in the hands of his legatee is that, his name having been furnished to the secretary of the company by the defendant Bryan, notices of assessment or calls upon the stock were mailed, addressed to him, and that certain payments were made in response thereto, either by the checks of J. A. Templeman, or of Templeman Bros. This is all. The case therefore falls far short of such a case as was presented in the case of Musgrave vs. Morrison, 54 Md. 165, where it was conceded that Mr. Musgrave had authorized his attorney to vote his stock. No such authorization has been shown, nor does it positively appear that the checks received by the company were the individual checks of Mr. Templeman or those of Templeman Bros. It must be manifest that it was just as competent for the latter to have made the subscription as the former, and in this condition of uncertainty, with no authority shown in Mr. Bryan to sign the name of Mr. Templeman to the subscription list, no participation of any kind by the alleged subscriber, and no proven authority to represent him in any way, the Court would be compelled to infer much in order to fasten a liability upon Mrs. Templeman. This the Court has no right to do. To justify a decree against her, there must be either direct proof, or such evidence of facts that the only logical and reasonable inference would be that the subscription was made by Jas. A. Templeman. These do not exist, and the bill as to Mrs. Templeman must therefore be dismissed.

A decree will be signed in accordance with the foregoing views, costs to be divided equally between the plaintiff and defendant, Bryan.